## T. E. GEORGE v. WM. HESSE.

### No. 1559. Decided May 23, 1906.

**Fraudulent Representation—Measure of Damages.**

On an exchange of property, the measure of damages for fraudulent representations inducing the contract (as to the existence of a gusher or flowing well of water thereon) was not the difference between the value of the property received by the defrauded party and its value if the representation had been true, but the difference between the value of the property received and that given in exchange. (Pp. 46–48.)

Question certified from the Court of Civil Appeals for the Fourth District, on error from Bexar County.

*Gordon Bullett, A. C. Bullett* and *Newton & Ward,* for plaintiff in error.—The measure of damages was not the reasonable market value of the Dimmitt County land without a gusher of water and the reasonable

market value of said land with a gusher of water, that is, a strong flowing well of water, as charged by the court; but the true rule of damages was the difference in value if any, at the time of sale, of all the property sold and conveyed, in the condition it actually was at the time, and the value of such property under the same circumstances had the facts been as represented. Smith v. Bolles, 132 U. S., 125; Rockefeller v. Meritt, 76 Fed., 914; Glaspell v. Northern Pacific Ry. Co., 43 Fed. Rep., 900; Atwater v. Whiteman, 41 Fed., 427; Carson v. Houssels, 51 S. ·W. Rep., 290; Field v. Munster, 11 Texas Civ. App., 341; Jones v. George, 61 Texas, 354; Roberts v. McFadden, 74 S. W. Rep., 110; Reynolds v. Cox, 11 Ind., 262.

*Bertrand & Arnold,* for defendant in error.—The rule that the measure of damages in an action for deceit is the difference between the actual and represented value is almost universally followed as will be seen from the following authorities: Foster v. Kennedy, 38 Ala., 359, 81 Am. Dec., 56; Matlock v. Reppy, 47 Ark., 148, 14 S. W. Rep., 546; Ahrens v. Adler, 33 Cal., 608; Herefort v. Cramer, 7 Colo., 483, 4 Pac. Rep., 896; Gustafson v. Rustemeyer, 70 Conn., 127, 39 Law Rep. Ann., 646; Williams v. McFadden, 23 Fla., 143, 11 Am. St. Rep., 345; Gaulden v. Shehee, 24 Ga., 438; Antle v. Sexton, 137 Ill., 410, 27 N. E., 691; Nysewander v. Lowman, 124 Ind., 584; Moberly v. Alexander, 19 Iowa, 162; Speed v. Hollingsworth, 54 Kan., 436; Drake v. Holbrook, 23 Ky., L. Rep., 1941; 66 S. W. Rep., 512; Wright v. Roach, 57 Me., 600; Morse v. Hutchins, 102 Mass., 439; Nash v. Minnesota Co., 163 Mass., 574; Jackson v. Armstrong, 50 Mich., 65; Doran v. Eaton, 40 Minn., 35; Estell v. Myers, 54 Miss., 174, 56 Miss., 800; Shinnabarger v. Shelton, 41 Mo. App., 147; Woolman v. Wirtsbaugh, 22 Neb., 490; Noyes v. Blodgett, 58 N. H., 502; Crosland v. Hall, 33 N. J. Eq., 111; Newell v. Chapman, 74 Hun, 111, 26 N. Y. Supp., 361; Lunn v. Shermer, 93 N. C., 164; Fargo Gas & Coke Co. v. Fargo Gas & Electric Co., 4 N. D., 219; Linerode v. Rasmussen, 63 Ohio St., 545; Lukens v. Aiken, 174 Pa. St., 152; Beasley v. Swinton, 24 S. E. Rep., 313; Hogg v. Cardwell, 36 Tenn. (4 Sneed), 151; Hecht v. Metzler, 14 Utah, 408; Bowman v. Parker, 40 Vt., 410; Brown v. Shields, 6 Leigh (Va.), 440; Phinney v. Hubbard, 2 Wash. T., 369; Warner v. Benjamin, 89 Wis., 290; 2 Mechem on Sales, 1468, par. 1843; 14 Am. & Eng. Enc. Law (2d ed.), p. 182; 2 Warvell on Vendors (2d ed.), 1125, par. 943; 7 Ballard's Law of Real Prop., sec. 76; Sedgwick and Wait on Trial of Title to Land (2d ed.), 233, par. 319; Phillips v. Herndon, 78 Texas, 384; Farmer v. Randel, 28 S. W. Rep., 384; Harris v. First Nat. Bank, 45 S. W. Rep., 312; American Well Works v. De Aguayo, 53 S. W. Rep., 350; Davenport v. Anderson, 28 S. W. Rep., 922.

GAINES, CHIEF JUSTICE.—This is a certified question from the Court of Civil Appeals for the Fourth Supreme Judicial District. The statement and question are as follows:

"In the above styled and numbered cause pending on motion for rehearing, in this the Court of Civil Appeals for the Fourth District of

Texas a question of law arises, which this court deems advisable to submit to your honorable court for adjudication, and this court has accordingly directed to be certified to your honorable court for decision the following question:

### "EXPLANATION.

"A trade or exchange of property was consummated, by which George conveyed to Hesse an undivided two-thirds of certain land in Dimmit County and two-thirds of some personal property thereon, and Hesse conveyed to George a house and lot in San Antonio. The deed to Hesse was in consideration of $2,000 and the assumption by Hesse of two-thirds of an indebtedness of $2,000 and interest, and certain other minor assumptions. George assumed an incumbrance on the house and lot of about $1,300. What the Dimmit County land or the personal property was valued at in the trade does not appear.

"The action was brought by Hesse for damages for deceit in this: That George represented to him and caused him to believe, and act in consummating the trade, upon the fact that the Dimmit County land had a gusher of water upon it, which representation was material and proved to be false The evidence sustained these allegations. There was evidence that this land without a gusher was worth $5.33 an acre and with a gusher would have been worth $20 an acre. The court charged the jury as follows: "If you find for the plaintiff, then your verdict should be for the difference in value, if any, that you find from the evidence to be, between the reasonable market value of the Dimmit County land on November 25, 1903, without a gusher of water, that is, a strong, flowing well of water on same, and the reasonable market value of said land on said date, with a gusher of water, that is, a strong flowing well of water on same, of the kind that you find from the evidence was represented by George if you find he made such representation." And the jury found a verdict in accordance with such measure of damages.

### "QUESTION.

"Did the charge give the correct rule for the measure of damages?

"In view of cases cited in the motion for rehearing on the question we deem it appropriate to refer the court to certain authorities which are against the rule applied by the charge. Merrill v. Taylor, 72 Texas, 293; Smith v. Bolles, 132 U. S., 125; Sigafus v. Porter, 179 U. S., 116; Reynolds v. Franklin, 46 N. W. Rep., 139; High v. Berret, 23 Atl. Rep., 1004; Crater v. Binninger, 97 Am. Dec., 737; Pruitt v. Jones, 36 S. W. Rep., 502.

"In Farmer v. Randall, 28 S. W. Rep., 384, decided since the case of Merrill v. Taylor, supra, the Court of Civil Appeals at Fort Worth held the rule to be in accordance with the charge given by the trial court, with which we are unable to agree."

We are of the opinion that the question should be answered in the negative. There is a conflict of authority upon the point; but it seems to us that the difference of opinion grows out of a confusion as to the nature of the cause of the action. This is not a case in which the plaintiff sues for the breach of a contract—for the contract has been

performed by both parties. But it is a case in which the plaintiff sues to recover damages for a fraudulent representation by which he has been induced to enter into a contract to his loss. Clearly we think the extent of his loss is the difference between the value of that which he has parted with and the value of that which he has received under the agreement. The contract in this case was not to convey a tract of land with a "gusher" on it; but was to convey a certain tract of land, which was falsely represented to have a "gusher" on it, which false representation was an inducement which led to the contract. Logically, therefore, what he has lost by the transaction is the measure of his damages. Let us suppose that when the fraud was discovered George had not conveyed any of the property transferred to him, and Hesse had sued for a rescission as he would have had the right to do; the parties would simply have been placed in statu quo, and the plaintiff would have recovered nothing for his failure to get the property as represented. He would have recovered his property and there would have been no loss, except the expense of the litigation. So in this case, if the plaintiff recovers a sufficient sum in money to make that which he has received equal to that which he has conveyed and that which he has assumed to pay, he is compensated for his loss, .and, as we think, that is the measure of his damages.

The question came before the Court of Appeal of England in the case of Peek v. Derry (37 Chan. Div., 541). There the plaintiff claimed to have been induced by a fraudulent representation of the defendants (who were directors in an incorporated company) to pay £4,000 for shares in the company, by which he suffered a loss. It was held unanimously, after special argument upon the particular point, that the measure of damages was the difference between £4,000 and the actual value of the shares. The case was taken to the House of Lords, where it was reversed upon the ground that no fraud was shown, and the question of the measure of damages was left untouched. (14 App., Cas., 337). In Smith v. Bolles (132 U. S., 125), which involved solely the question of the measure of damages in a case of fraudulent representation, the trial judge charged the jury: "As to the law by which the jury were to be governed in the assessment of damages under the issues made in the case," that "the measure of recovery is generally the difference between the contract price and the reasonable market value, if the property had been as represented to be, or in case the property or stock is entirely worthless, then its value is what it would have been worth if it had been as represented by the defendant, and as may be shown in the evidence before you." In reference to this charge the Supreme Court of the United States, speaking through the chief justice, say: "In this there was error. The measure of damages was not the difference between the contract price and the reasonable market value if the property had been as represented to be, even if the stock had been worth the price paid for it; nor if the stock were worthless, could the plaintiff have recovered the value it would have had if the property had been equal to the representations. What the plaintiff might have gained is not the question, but what he had lost by being deceived into the purchase. The suit was not brought for breach of contract. The gist of

the action was that the plaintiff was fraudulently induced by the defendant to purchase stock upon the faith of certain false and fraudulent representations, and so as to the other persons on whose claims the plaintiff sought to recover. If the jury believed from the evidence that the defendant was guilty of the fraudulent and false representations alleged, and that the purchase of stock had been made in reliance thereon, then the defendant was liable to respond in such damages as naturally and proximately resulted from the fraud. He was bound to make good the loss sustained, such as the moneys the plaintiff had paid out and interest, and any other outlay legitimately attributable to defendant's fraudulent conduct; but this liability did not include the expected fruits of an unrealized speculation. The reasonable market value, if the property had been as represented, afforded, therefore, no proper element of recovery."

So in Sigafus v. Porter (179 U. S., 116) the same doctrine was announced; and Mr. Justice Harlan, who delivered the opinion, expressly follows and quotes with approval from the opinion in both of the cases previously cited. (See also Crater v. Binninger, 33 N. J. Law, 513, and other cases cited in the certificate.)