## W. F. TOMPKINS v. MINNIE L. PERRY ET AL.

### Decided May 14, 1910.

**1.—Sale of Land—Misrepresentation—Measure of Damages.**

Where the seller of land points out to an intending purchaser a tract of land other than the one actually conveyed the measure of damage in a suit for damages is the difference between the value of the consideration given for the conveyance and the value of the land conveyed. Therefore when the promissory notes of third parties are assigned by the purchaser to the seller as the consideration for the conveyance it is error for the court to assume in its charge that the face value of the notes is their reasonable market value.

**2.—Same—Value of Consideration.**

Where the purchaser of land assumed the payment of a note secured by lien on the land but not due for nearly thirty years and bearing only five percent interest, it was error for the court, in a suit by the purchaser for damages for fraudulent misrepresentations by the seller, to assume that the present value of the note was its face value, and in effect to require the seller to pay to the purchaser that amount in cash. The value of the note should have been submitted to the jury.

Appeal from the District Court of Haskell County. Tried below before Hon. C. C. Higgins.

*Thomason & Thomason, W. C. Jackson* and *Glasgow & Kenan,* for appellant.—The correct measure of damages in this case would be the difference between the market value of the land conveyed by deed from appellant to appellee, and the market value of the land shown appellee by appellant. King v. Bressie, 32 S. W., 730; Farmer v. Randall, 28 S. W., 384.

If defendant did not show plaintiff the tract of land described in the deed to her, she is not entitled to recover against defendant in a sum of money due Dickens County, to wit: $1897.71. King v. Bressie, 32 S. W., 729.

If defendant showed plaintiff another, and a different tract of land to that conveyed to her by deed, and the land shown was of more value than the land conveyed, then the true measure of her damages would be the difference between the market value of the land shown plaintiff, and the market value of the land conveyed to her by defendant. King v. Bressie, 32 S. W., 729; Farmer v. Randall, 28 S. W., 384.

*Helton & Murchison,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Minnie L. Perry, joined by her husband, sued W. F. Tompkins and recovered a judgment for damages for fraudulent misrepresentations concerning a tract of land sold by Tompkins to Minnie L. Perry. The alleged fraud consisted in pointing out other and more valuable land as the land conveyed.

The defendant, who has appealed, presents several assignments, none of which, however, we think it is necessary to discuss except the fourth, relative to the court's charge on the measure of damages. The charge is as follows:

"But if you believe from the evidence that the defendant showed the plaintiff, Mrs. Minnie L. Perry, other and different land than that described in his deed to her, to wit: section 17, Dickens County school land in Lamb County, and represented to her that the land shown to her by him, was the land described in his deed to her and introduced in evidence, then, if you so believe, you can next consider whether or not the reasonable market value of the property given in exchange to the defendant by plaintiff, was in excess of the reasonable market value of the land conveyed and described in the deed of defendant to plaintiff at the time that the trade was made between the two, and, if you so find, you will find for the plaintiff, and the measure of her damages would be the excess in money of the reasonable market value of

the notes given by plaintiff to the defendant, added to the amount of the note assumed by plaintiff, if any, over the reasonable market value of the land described in the deed from defendant to plaintiff."

The evidence shows that Minnie L. Perry gave for the land four promissory notes (executed by a Miss Tompkins) of eleven hundred and sixty-five dollars and sixty-six cents each, and further assumed to pay to the order of the Commissioners' Court of Dickens County, one note for the sum of eighteen hundred and ninety-seven dollars and seventy-one cents, dated January 2, 1907, and due January 2, 1937, with five percent interest, said note being secured by a lien against the land conveyed. This charge is erroneous in the respect that it assumes the face value of this note to be its reasonable market value. In George v. Hesse, 100 Texas, 44, Mr. Chief Justice Gaines announced the rule with reference to the measure of damages in such a case to be the difference between the value of the consideration given for the conveyance, and the value of the land conveyed. This rule is commended by reason and supported by eminent authority, though a contrary rule is not wanting in the decisions. Considering the long time to expire before the maturity of the Dickens County note assumed by Minnie L. Perry, together with the rate of interest thereon, the court could no more assume that it was worth its face value than it could have assumed that the four notes of Miss Tompkins, given in part payment for the land, were worth their face value. The effect of this charge, it will be seen, was to require appellant to make a present cash payment to appellee of the face amount of the Dickens County note, whereas, appellee Minnie L. Perry would be allowed, according to the terms of the note, nearly thirty years in which to pay the same. This privilege, in connection with the rate of interest the note bears, might properly have affected its value in the estimation of the jury, and they should have been permitted, under a proper instruction, to consider these things.

We have found no other error in the record, but for this one the judgment is reversed, and the cause remanded for another trial.

*Reversed and remanded.*