WOMACK v. HASTINGS & LAGOW.
(No. 8739.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 24, 1917. Rehearing Denied Jan. 12, 1918.)

1. FRAUD ⬥60—ACTIONS—DAMAGES.

In a suit for damages based on fraud and deceit in the sale of a jack, a recovery cannot be had for profits.

2. FRAUD ⬥59(3) — ACTIONS — MEASURE OF DAMAGES.

In an action for damages based on fraud and deceit in the sale of a jack for breeding purposes, the proper measure of damages was the difference between the price paid for the animal and the actual value thereof, plus any sums legitimately expended by the purchaser by reason of the fraudulent representation.

3. FRAUD ⬥60—ACTION—DAMAGES.

In an action for damages based on fraud and deceit in the sale of a jack for breeding purposes, recovery could not be had for feed and care of the animal after it was discovered by the purchaser that the jack was not available for the purpose for which purchased.

Appeal from District Court, Tarrant County; J. W. Swayne, Judge.

Action by Hastings & Lagow against William Womack. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

J. Y. Cummings, of Ft. Worth, and W. B. Hamilton, of Dallas, for appellant. Slay, Simon & Smith, of Ft. Worth, for appellees.

BUCK, J. Appellees sued appellant for damages, alleging fraud and deceit in the sale by appellant to the appellees of a jack. They alleged that at the time of the purchase appellant represented to them that the jack was fit for the purposes for which he was bought; that in fact he was not so fit, and was, indeed, entirely worthless. The appellant denied the allegations of misrepresentation and fraud made by appellees. The cause was submitted to a jury on special issues, which were found in favor of the plaintiffs below, except that the jury found that the jack was not worthless, and that his value at the time of the purchase was $100. Judgment was rendered for plaintiffs in the sum of $1,638.60, which included interest to the amount of $88.60. Defendant has appealed.

Appellant urges that an improper measure of damages was adopted by the court in rendering judgment, and we are of the opinion that this contention, set forth in several assignments of error, must be sustained. Plaintiffs sued for damages alleged to have been sustained in the following respects and amounts, to wit: (1) $500, the price paid for the animal, which was alleged to be worthless; (2) $10.30 freight charges paid from Ft. Worth to Roscoe, Tex.; (3) $400 alleged to be the net profits which would have accrued to plaintiffs during the first season if the jack had been as represented; (4) $250, which plaintiffs alleged were reasonably incurred in the feeding and care of the animal; (5) for punitory damages in the sum of $1,500; (6) for interest on the sum found to be due.

[1] The jury failed to find that plaintiffs were entitled to punitory damages, and we have been at a loss to determine the basis of the court's judgment in the principal sum of $1,550. Moreover, in a suit of this kind, for fraud and deceit, it is well established in this state, though otherwise held in some jurisdictions, that a recovery cannot be had for profits. The rule as to measure of damages in this character of a suit is different from the one obtaining in an action for breach of contract. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Greenwood v. Pierce, 58 Tex. 130; Sigafus v. Porter, 179 U. S. 116, 21 Sup. Ct. 34, 45 L. Ed. 113; 12 R. C. L. 451, § 196; Latham Co. v. Snell, 176 S. W. 917; Gordon v. Rhodes, 117 S. W. 1023. The cases of Handy v. Roberts, 165 S. W. 37, Jones v. George, 61 Tex. 345, 48 Am. Rep. 280, and other cases which might be cited, are distinguishable, both in their facts and the nature of the action, from the instant case. There the seller failed to deliver to the purchaser the kind of article which was the subject of the contract to purchase, but delivered a different article, in the first case a different kind of oats, in the second a different kind of drug. Hence there was a breach of the implied contract to deliver the thing bought. Here plaintiffs secured the identical animal which they bargained for, though he did not possess the characteristics which the seller represented him to have. If there are any expressions in the cases of Suttle v. Hutchinson, 31 S. W. 211, and Ford v. Oliphant, 32 S. W. 437, which may be reasonably construed as a holding contrary to the views hereinabove expressed, then these two cases, upon this point, must be held to have been overruled by our Supreme Court in George v. Hesse, supra, and many other later Supreme Court decisions.

[2] We are of the opinion that fundamental error is shown in the judgment, which applies an improper measure of damages. The measure of damages which the court should have applied in this case was the difference between the price paid for the animal and the actual value thereof, plus any sums legitimately expended by plaintiffs by reason of the alleged fraudulent representation. Beckwith v. Powers, 157 S. W. 177; Weeks v. Stevens, 155 S. W. 667; Smith v. Bolles, 132 U. S. 125, 10 Sup. Ct. 39, 33 L. Ed. 279.

The evidence shows that the jack was bought on March 15, 1913; that plaintiffs kept him in the paddock for service until the middle of July following; that during said time he sired one colt, for which plaintiffs were entitled to the service fee of $10. It is in evidence that it was reasonably worth $10 a month to feed a jack, and over $10 to care for him. Certainly at the end of the breeding season, which was stated to end July 15th, plaintiffs were sufficiently advised that the jack was not available for the purposes for which they had purchased him, and we do not believe, in any event, they would be entitled to recover for the care and keep any longer. Moreover, the evidence shows that some time thereafter the jack was turned into the pasture, and was no longer kept in a stall and fed. Further, the evidence fails to show what was the reasonable cost of pasturing the jack or otherwise caring for him, except during the breeding season.

[3] We are doubtful of the right of the plaintiffs to recover for the feed and care of the animal for even the four months, but certainly they cannot recover for such care and feed after it was disclosed that he was not available as a breeder. However, we have decided that in support of the judgment we will permit a recovery for the four months at $20 a month, or $80. Therefore we will accept appellees' offer to remit any excess, and reform the judgment so as to exclude the item of profits, and the item for

feed and care except as to the four months. From this amount the $10 fee earned for the colt sired must be deducted. This would make the amount for which the judgment will be affirmed $480.30, consisting of, to wit, $400, the difference between the cost price of the jack and his actual value; $10.-30, freight charges; $80 for care and keep, less the fee for colt, or $70. Costs of this appeal will be taxed against the appellees.

We consider the question as to the measure of damages the only one requiring discussion, although we have considered each of the other assignments of error presented in appellant's brief, and find no error. We do not believe that the trial court is shown to have abused his judicial discretion in overruling the defendants' motion for a continuance under the circumstances shown. All assignments are overruled except as above indicated.

Reformed and affirmed.

CONNER, C. J., not sitting; serving on writ of error committee at Austin.