### COWARD v. BOOTH.   (No. 6564.)

(Court of Civil Appeals of Texas. Austin. March 21, 1923. Rehearing Denied May 9, 1923.)

1. Trial ⊚⟲350(4)—Market value of lands exchanged held proper issue to be determined and not the market value of the respective equities of the parties.

Where the parties exchanged lands, all of which were incumbered for specified amounts, and plaintiff sued to recover difference in value of the land pointed out to her and that which was actually conveyed to her, special issues requiring the jury to find the market value of the equities of the parties were properly changed to require them to find the gross market value of the properties, since, after a verdict as to gross value of each tract, the court was authorized to find the value of the equities.

2. Exchange of property ⊚⟲8(5)—Difference between value of land conveyed to plaintiff, if there had been a well thereon, and value without such well, held measure of recovery.

Where the parties agreed to exchange lands, and defendant pointed out to plaintiff's agent land which he supposed he owned, but which in fact was not his land, and there was a well and windmill on the tract shown, plaintiff might recover the difference between the land conveyed to her, if there had been a well and windmill upon the same, and the value without such a well and windmill, where she chose to sue therefor without rescinding.

#### On Motion for Rehearing.

3. Action ⊚⟲27(2)—Suit held one for difference in value of land conveyed and that indicated, and not for fraud.

Petition asking for general as well as special relief held to be treated as one for difference in value of land intended to be purchased and that which was conveyed, rather than for fraudulent representations.

4. Judgment ⊚⟲252(5)—Under prayer for general relief court should give the relief appropriate to the facts alleged and proven.

Under a prayer for general relief, the court should grant any relief demanded by the facts alleged and proven, and is not confined to the relief specifically prayed for.

---

⊚⟲For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by Mrs. M. P. Coward against Z. A. Booth with cross-action by said Booth against said Coward. From judgment for defendant, plaintiff appeals. Reversed and remanded, with instructions.

Taylor & Hale, of Waco, for appellant. E. M. Dodson, of Marlin, for appellee.

### Findings of Fact.

JENKINS, J. Appellant owned a tract of land in Falls county, and appellee owned a half section of land in Hartley county. Both tracts of land were incumbered by mortgages and vendor's liens. Appellee proposed to trade his half section of land for appellant's land and a vendor's lien note for $500, to be executed by appellant. Appellant's son went with appellee, as the agent of appellant, to examine appellee's land. Appellee pointed out a half section of land, which he supposed he owned, but which in truth was about a mile from his land. On the land pointed out by appellee, there was a well and windmill. Appellant's agent reported that he had examined the land, and that there was a well and windmill on the same, whereupon appellant accepted appellee's proposition for the exchange of lands as above stated. Appellant executed to appellee a deed to the tract of land owned by her in Falls county, which recited that appellee assumed the indebtedness against the same. Appellee executed a deed to appellant for a half of section 28, in Hartley county, which was the tract owned by him, but not the land pointed out to appellant's agent. There was no well or windmill on the half of section 28. When this fact was later discovered, appellant filed suit against appellee to recover the difference in the value of the land which appellee pointed out and agreed to sell to her, and that which he in fact conveyed. Appellee, by cross-action, sought judgment on appellant's note, and the foreclosure of the vendor's lien. Judgment was rendered that appellant take nothing by reason of her suit against appellee, but that appellee recover of appellant the amount of the note, principal, and interest, with foreclosure of his vendor's lien.

### Opinion.

Judgment was rendered herein upon the authority of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456.

[1] The case was submitted upon special issues. The third and fourth issues, as originally submitted by the court, were as follows:

"(3) What was the reasonable market value at the time of its conveyance to plaintiff of the equity of defendant in the south half of section 28?

"(4) What was the reasonable market value at the time of its conveyance to the defendant of the plaintiff's equity in the land near Rosebud?"

After the jury had been considering their verdict for about two hours, the court recalled the jury and gave them the following, in lieu of special issues 3 and 4 as above set out:

"(3) What was the reasonable gross market value at the time of its conveyance to plaintiff of the south half of section 28?

"(4) What was the reasonable gross market value at the time of its conveyance to the defendant of the land near Rosebud?"

Appellant assigns error upon this action of the court. We overrule appellant's contention in this regard. The indebtedness against each tract of land was proven beyond controversy; and so, when the jury returned their verdict as to the gross value of each tract, the court was thereupon authorized to find the value of the respective equities, by subtracting the amount of indebtedness against each tract from the value thereof, and this is what the court did.

Appellant assigns error upon the finding of the jury as to the fourth issue, that the value of the land near Rosebud was $6,250, as being contrary to and unsupported by the evidence. While the evidence would have sustained a finding of as much as $11,000 for the Rosebud land, the finding of the jury that it was worth only $6,250 was sustained by the evidence on the part of appellee; for which reason the assignment in this regard is overruled.

For the same reason, the finding in reference to the value of the Hartley county land is overruled. The jury found the same to be of the value of $2,400. There was evidence in the case that it was worth only $1,920; but, on the other hand, there was evidence sufficient to sustain the finding of the jury as to the $2,400 valuation.

[2] We do not think the doctrine announced in George v. Hesse, supra, applicable to the instant case. In that case the purchaser received a deed to the identical land which he had bought, and, as in the instant case, did not seek a rescission. The court held that his measure of damages was the difference in the value of the land which he obtained and retained, and the price which he paid for the same. The holding of the court was, in effect, that, where a tract of land has been fraudulently represented to the purchaser as having a flowing well upon it, his remedy was either to rescind the trade, or, if he kept the land, to account to the seller for its value at the time of the transaction; that is to say, in recovery for damages for deceit, the damages recoverable is the injury inflicted by such deceit. If the land conveyed is worth all that the purchaser paid for it, he has not been damaged by such deceit, though it is not

less value than it would have been had it been as it was represented.

In the instant case, the transaction between appellant and appellee was that appellee would sell and convey to appellant a particular tract of land pointed out to her agent. He did not convey this land or any part of it. Appellant's remedy was to rescind the trade, if she so desired, but she was not required to do so. When a purchaser buys an article and pays for it, he is entitled to that article, and, if something else is delivered to him of less value, he may retain the same and recover the difference between the value of the thing which he bought and that which was delivered to him. In such case, the question as to the value of the thing that be bought is immaterial, except as to the difference between such value and the thing which he received. If the court in such a case compels the purchaser to pay the value of the thing that he receives, and does not allow him the difference between such value and the value of the thing which he bought, it makes a trade for the party which he did not himself make. As an illustration of our views upon this subject: A. purchases from a dealer an automobile of a certain make, with a self-starter. Subsequently an automobile of that make is delivered to A., but it has no self-starter. The difference in the value of the automobile with and without the self-starter is, say, $250. A. keeps the automobile delivered to him, but sues the dealer for the difference in its value from that which was agreed to have been delivered to him. The dealer replies:

"I sold you the automobile which I pointed out to you too cheap. The automobile which I have delivered without the self-starter is worth as much as you paid me."

The court or the jury find that this is true, and say to the purchaser:

"You must pay as much for the car without the self-starter as you agreed to pay for it with the same."

The court or the jury may be correct as to relative values, but this would not be to allow the purchaser damage for the failure on the part of the seller to carry out his contract. A more flagrant injustice may be done in the case of purchase of land than in the case illustrated, for the reason that men may differ very much more as to the value of lands than as to automobiles. This is illustrated in the instant case, in that the jury found the value of the Rosebud land to be $6,250, when a witness who appears to have been fully qualified, and wholly impartial, as he was not acquainted with the appellant, testified that this land was worth $11,000. Also, a witness who lived in the vicinity of the land in Hartley county, a banker, ranchman, and owner of lands in that vicinity, testified that the south half of section 28 was worth $1,920. The jury found this value to be $2,400. Appellant did not trade with the appellee upon a valuation to be thereafter fixed by a court or jury, but upon valuation fixed by herself. If each party retains the land conveyed by their respective deeds, and the appellee is required to pay appellant the value of a windmill and well which he sold but which appellant did not get, justice has been done in the case. Appellant offered to prove by competent witnesses the value of the well and windmill, but the court excluded this testimony. In this there was error.

This case is reversed and remanded, with instructions to the trial court to allow the appellant the difference between the value of the land conveyed to her, if there had been a well and windmill upon the same, and without such well and windmill, and to allow appellee as an offset the principal and interest of the note executed by appellant.

For the reasons stated, the judgment of the trial court is reversed, and this case is remanded, with instructions as herein indicated.

Reversed and remanded, with instructions.

On Motion for Rehearing.

[3] Appellee contends that this is not a suit to recover the difference in the value of the land intended to be purchased and that which was conveyed, but that it is a suit to recover, on account of fraudulent representations, the difference between the price which she paid for the land conveyed to her and its value, the price paid being the market value of the Rosebud land.

[4] If we should look alone to the specific relief prayed for, this contention would be correct, but, in addition to the specific prayer to recover the difference between her equity in the Rosebud land and appellee's equity in the Hartley county land, she also prayed for general relief. She alleged in her petition:

"That the improvements pointed out and shown to the agent of this plaintiff by the defendant, and represented to be the property plaintiff was acquiring, rendered and made the tract of land pointed out worth at least $1,000 more than the property she did acquire from the defendant, and that the property she got was worth $1,000 less than the property the defendant represented he was conveying to her."

Under a prayer for general relief, the court should grant any relief demanded by the facts alleged and proven, and is not confined to the relief specifically prayed for. Hardy v. DeLeon, 5 Tex. 246; Cravens v. Wilson, 48 Tex. 341, 342; Voigtlander v. Brotze, 59 Tex. 287, 289; Ware's Adm'rs v. Bennett, 18 Tex. 807; Crenshaw v. Staples (Tex. Civ. App.) 173 S. W. 1185; Griner v. Trevino (Tex. Civ. App.) 207 S. W. 947.

The relief to which appellant was entitled under the allegations above set out was as indicated in our original opinion herein.

The motion for rehearing is overruled. Overruled.