BOOTH v. COWARD. (No. 490–4015.)

(Commission of Appeals of Texas, Section B. Nov. 19, 1924.)

1. **Action ⚖==27(2)—Action held one of deceit in inducing exchange and not on contract.**

Where plaintiff alleged that she was induced to contract with defendant for exchange of land by defendant's false representations as to identity of land he was contracting to exchange, action was one of deceit, and not on contract.

2. **Fraud ⚖==59(3) — Damages difference between values of property exchanged.**

In action for deceit in inducing exchange of land by pointing out another tract of land and representing it to be that to be received by plaintiff, damages recoverable is difference in value between properties actually exchanged.

3. **Fraud ⚖==25—One suffering no loss cannot recover damages for deceit inducing exchange.**

Where party to exchange of land suffered no loss, she could not recover compensatory damages for deceit in inducing exchange.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Action by Mrs. M. P. Coward against Z. A. Booth. Court of Civil Appeals reversed judgment for defendant, and defendant brings error. Judgment of Court of Civil Appeals (251 S. W. 550) reversed, and judgment of District Court affirmed.

E. M. Dodson, of Marlin, for plaintiff in error.

Taylor & Hale, of Waco, for defendant in error.

STAYTON, J. The sole assignment of error in the application raises the question of the proper measure of damages for deceit in the case of a contract of exchange.

Plaintiff owned certain real estate in Falls county; defendant a half section in Hartley. Against each were incumbrances securing notes to third persons. While negotiating an exchange of these parcels, defendant showed to plaintiff's agent, as the land he was to put into the deal, a tract with a well and windmill on it. This induced the contract and the subsequent deeds, whereby the parcels actually belonging to the respective parties were exchanged, certain notes assumed by each party, and additional notes given by plaintiff to defendant.

If the trade had been consummated as represented and intended instead of as expressed, plaintiff would have received, in property and by defendant's assumption of notes, a value exceeding what she did receive, by some $1,000. But, even as the deal was expressed and consummated, she acquired in property and by defendant's assumption, a value exceeding that which she gave in exchange.

Under these circumstances, plaintiff having sued for damages, the district judge held that she was not injured and awarded her nothing, excluding all testimony bearing upon the comparison in value between the land that was actually conveyed and that which was intended to be conveyed to her. The Court of Civil Appeals, however, was of the contrary opinion, holding that the measure of damages was the difference in value between what plaintiff received and what she ought to have received under the representations that were made, and not the difference in value between what she gave and what she received. (Tex. Civ. App.) 251 S. W. 550. Which measure of damages was correct, is the question now presented.

[1] The basis of the holding of the Court of Civil Appeals was the assumption that the case was one where the property contracted for was not conveyed, and hence where George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, did not apply. In other words, that court regarded the case as one of breach of contract. This view is considered to be in error. The cause of action was upon a tort.

The plaintiff alleged that "she entered into a certain contract with defendant, Z. A. Booth, whereby and by the terms of which the defendant agreed, obligated, and bound himself to convey" to her by way of exchange the property that he actually did con-

vey, but that he induced her into the contract by fraudulently pointing out to her agent other land with a well and windmill on it and falsely representing that it was the tract which was to become, and did afterwards become, the subject of his contract·and deed, when to his knowledge it actually was not. She averred that rescission was not proper because of a change of conditions, alleged the value of the tract with and without a windmill and well upon it, the value of the land that she exchanged for it, the amount of the assumed notes, and the amount of the additional notes she gave, and prayed for compensation for her loss and for general relief. So the case, as alleged, was one of deceit.

This, moreover, was the theory of the trial. The testimony was to the effect that in the contract of exchange the plaintiff's agent and defendant "traded for the half section of land described in the deed" instead of that pointed out. The district court recited in the judgment—which was upon special issues—that the defendant exhibited the wrong tract "and that plaintiff upon such representation traded" for the half section she actually received by the deed, "believing that she was getting what was in truth and in fact" the land that was wrongly pointed out.

[2] It is thus seen that the case as alleged, as well as that proved and found by the trial court, was one of deceit and was not one of breach of contract, as assumed by the Court of Civil Appeals. The contract was, as the whole record shows, that plaintiff's land, the obligation she assumed, and the obligations she gave, were to be exchanged for the land that belonged to defendant and that was afterwards deeded to plaintiff by him, and for the assumption on his part of certain notes; but it was induced, according to plaintiff's petition and some slight evidence, by deceit. It should be mentioned that the evidence established, too, that defendant was not aware of the falsity of his representations.

George v. Hesse, above cited, involved a case of the same nature, it not being indicated, however, whether the falsity of the representations was known or unknown to the defendant, a difference that Russell v. Industrial, etc., Co. (Tex. Sup.) 258 S. W. 462, and Ford v. Sims (Tex. Civ. App.) 190 S. W. 1165, show to be unimportant; and it was decided that since the cause of action was not upon breach of contract but to recover damages for fraudulent representations, the measure of compensation was the difference between the values that were exchanged and not the difference between the value of the land received by plaintiff without a well on it and the value of that land if a well had been upon it. Quoting from Smith v. Bolles,

132 U. S. 125, 10 S. Ct. 39, 33 L. Ed. 279, the court said:

"What the plaintiff might have gained is not the question, but what he had lost by being deceived into the purchase."

Since the action here is of the same nature, it is controlled by George v. Hesse, and by the following opinions of the Commission of Appeals, which adhere to the rule announced in it: Rea v. Luse (Tex. Civ. App.) 207 S. W. 942; Moore v. Beakley (Tex. Com. App.) 215 S. W. 957; and Brown v. Searls (Tex. Com. App.) 228 S. W. 173.

[3] If, under that rule, the value received by plaintiff was more than that delivered by her, she sustained, as the trial court decided, no loss, and can recover no compensatory damages. See Russell v. Industrial, etc., Co. (Tex. Sup.) 258 S. W. 462, and authorities cited, and Lott, etc., Co. v. Harper (Tex. Civ. App.) 204 S. W. 452; Id. (Tex. Com. App.) 228 S. W. 189.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.