SPENCER et al. v. WOMACK.    (No. 1756.)

(Court of Civil Appeals of Texas. El Paso. June 4, 1925.)

1. Fraud ⬤�196 11(2)—Misrepresentation of value held "actionable fraud."

A false statement as to value, affirmed as an existing fact, is a misrepresentation of fact, and, when relied on and acted on by party to whom it is made, under circumstances reasonably entitling him so to treat and act on it, constitutes "actionable fraud."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actionable Fraud.]

2. Fraud ⬤�196 22(1)—That purchaser of bank stock might have ascertained bank's condition no defense.

Fact that plaintiff, who purchased bank stock from defendants, induced by false representations by defendants that bank was in good condition and stock of value paid therefor, by inquiry might have ascertained that bank was in failing condition, and stock worthless, does not bar right of action on such fraud.

3. Fraud ⬤�196 13(2)—Good faith in making misrepresentations no defense.

Innocence and good faith of defendants in misrepresenting to plaintiff that bank stock sold to him was of value paid therefor, and that bank was in good condition, does not relieve defendants of liability.

4. Fraud ⬤�196 60—Purchaser of bank stock entitled to special damages for liability on stockholders' assessment.

Damages sustained by plaintiff by reason of stockholders' assessment on bank stock, which he purchased from defendants on their false representations that bank was in good condition and stock of value paid therefor, is direct and proximate result of fraud practiced on plaintiff, entitling plaintiff to special damages therefor.

Appeal from Eastland County Court at Law; J. H. Jones, Judge.

Action by Minter Womack against J. E. Spencer and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Scott W. Key, of Eastland, and L. H. McCrea, of Cisco, for appellants.

Butts & Wright, of Cisco, for appellee.

HIGGINS, J. Womack sued the appellants, Spencer and Triplitt, to recover damages. Womack purchased from appellants four shares of stock in the Farmers' State Bank & Trust Company of Gorman for $500. About 30 days thereafter the bank failed, and passed into the hands of the banking commissioner for liquidation. The commissioner levied an assessment against all stockholders for the par value of their stock, wherefore Womack was compelled to pay $400. He sued to recover this amount and the amount paid for the stock, alleging that the purchase was induced by the false and fraudulent representations of the defendants that said bank was in good condition and the stock of the value of $125 per share, when in fact the bank was then in a failing condition, the stock worthless, and setting up the bank's failure in about 30 days, and that he was compelled to pay such assessments. The case was submitted upon special issues, all of which were answered in Womack's favor, and judgment was rendered against appellants as prayed for.

The questions presented by the appeal are all well settled in this state adverse to the appellants.

[1-4] The assignments are overruled for the following reasons: (1) A false statement as to value affirmed as an existing fact and not as a mere expression of an opinion by the person making the same is treated as a misrepresentation of fact, and, when relied and acted upon as a fact by the party to whom it is made under circumstances reasonably entitling him to so treat and act upon the same, constitutes actionable fraud. Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918; Gardner v. Dorsey, 272 S. W. 266, recently decided by this court and cases there cited. The evidence brings this case within the rule announced. (2) The fact that appellee by inquiry might have ascertained that the bank was in a failing condition and

the stock in fact worthless, does not bar the right of action upon such fraud. Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808; Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. (3) Nor does the innocence and good faith of the defendants in making the misrepresentation relieve them of liability. See cases cited in 8 Michie's Digest, 367. (4) The liability upon the stockholders' assessment and damage sustained thereby was the direct and proximate result of the fraud practiced upon appellee, and the special damage thus sustained is recoverable. Womack v. Hastings & Lagow (Tex. Civ. App.) 200 S. W. 878; Beckwith v. Powers (Tex. Civ. App.) 157 S. W. 177, and cases there cited.

Affirmed.