**BENNETT & POST et al. v. HENDERSON.**
(No. 11311.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 19, 1925.)

**1. Sales ⬳124.**

Buyer, to rescind sale, must plead and prove return of property purchased, if of any value.

**2. Fraud ⬳35—Buyer's retention of property after discovering fraud precludes cancellation, but he may sue for damages.**

Buyer of falsely represented used automobile, who retained and used it after discovery of fraud, was not entitled to cancellation of contract of sale, but could sue for damages.

**3. Fraud ⬳58(1)—Evidence held insufficient to support finding of payment of note of defrauded buyer.**

In action for damages by buyer of falsely represented used automobile, evidence held insufficient to support finding that note given in payment was paid, where parties agreed that it was only partly paid.

**4. Fraud ⬳59(3)—Buyer of falsely represented automobile suing for damages must pay balance of purchase price.**

In action for damages by buyer of falsely represented used car, seller was entitled to recover balance of note given in payment, since by electing to sue for damages and not rescis-

sion buyer affirmed contract and was entitled only to damages.

**5. Fraud ⬳59(3)—Finding of damages for false representation in sale held insufficient, where not based on difference between purchase price and market value at time of sale (Acts 36th Leg. c. 43, §§ 1, 2 [Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a, 3973b]).**

Finding of damages in action by buyer of falsely represented used automobile *held* insufficient to support judgment, where court's charge did not include measure of damages, and jury did not find as to purchase price or market value, since measure of damages in such case is difference between purchase price and market value at time of sale; rule being same as in case of real estate and stock in corporations or joint-stock companies as provided in Acts 36th Leg. c. 43, §§ 1, 2 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a, 3973b).

**6. Fraud ⬳50—Replevy bond to obtain possession raises presumption of value of sequestered automobile (Vernon's Sayles' Ann. Civ. St. 1914, art. 7110).**

In action for damages by buyer of falsely represented used automobile, such automobile will be presumed to be of same value, in absence of contrary testimony, where buyer gave replevy bond of $800 to obtain return of it when sequestered under Vernon's Sayles' Ann. Civ. St. 1914, art. 7110.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by F. G. Henderson against Bennett & Post and others. From a judgment for plaintiff, Bennett & Post appeal. Reversed and remanded.

Samuels & Brown and Lawrence Tarlton, all of Fort Worth, for appellants.

Slay, Simon & Smith and Charles B. Stewart, all of Fort Worth, for appellee.

CONNER, C. J. In so far as necessary to an understanding of the conclusion to which we have arrived, we will briefly state that this case is one in which the appellee Henderson sued the appellants, Bennett & Post, and others not necessary to name, alleging in substance that he had purchased from the named defendants a certain Hupmobile car, giving therefor a Ford car at the agreed value of $325 and his promissory note for $183.-70, payable in monthly installments, of which he had paid three, aggregating $55.11. He further alleged that Bennett & Post had fraudulently misrepresented the value and condition of the Hupmobile, in particulars not material here to state, and he prayed for a cancellation of said note and a judgment for the several sums paid thereon and the value of said Ford car in the sum of $325, with interest, costs, etc.

The plaintiff did not allege that he had returned the Hupmobile, nor did he offer to do so; his allegation in this respect being that the car was "almost wholly worthless." The

defendants moved that plaintiff be required on the facts alleged to elect whether he would proceed to prosecute his suit for a cancellation of the contract of sale or for damages. The court granted the motion, to which ruling no exception appears to have been taken, and plaintiff elected to rely on an action for damages.

The case was submitted to a jury on special issues, in answer to which the jury found, in substance:

(1) That the defendants had represented the model date of the Hupmobile as of 1921 and had also misrepresented its condition; that plaintiff relied on such representation; that the representations were material and that plaintiff was damaged thereby in the sum of $325.

(2) That plaintiff had not suffered any loss of business during the time he was using the Hupmobile.

(3) That nothing remained unpaid on the note for $183.70, executed by the plaintiff to the defendants Bennett & Post.

(4) That plaintiff did not inspect the Hupmobile prior to its purchase; and (5) that Bennett & Post were not innocent purchasers of said note for $183.70.

Upon these findings the court rendered judgment for the plaintiff for $325, and $55.-11 against J. T. Houston and J. E. Earnest (two defendants to whom plaintiff had paid installments on said note while in their hands under a purchase from Bennett & Post, but which had been retransferred to the latter defendants before the trial). Bennett & Post have appealed.

As before stated, the plaintiff below, the appellee here, not only failed in his pleadings to allege that he had returned the Hupmobile purchased from appellants, but it is made to further appear from the record that he had replevied the same after its sequestration by defendant, and so far as the record discloses he has continued to retain possession of the same. So that the effect of the judgment is to give to the appellee the agreed value of his Ford car, all that he had paid on the note given appellants, and to retain the possession and use of the Hupmobile, and to deny appellants any right of recovery for the balance due on the note for $183.70, amounting on the whole to a cancellation of the contract between the parties.

[1-4] To entitle a purchaser to the equitable relief of rescinding the sale, he must himself offer to do equity by pleading and proving the return of the property purchased by him, if of any value. Not only did appellee refuse in this respect, but, by the ruling of the court, he is in the attitude of having consented or elected to abandon his cause of action for a rescission and proceed to prosecute his case for damages on the ground of the alleged fraudulent representations. The judgment, as indicated, is, in substance, one of cancellation, and to this remedy and relief,

in the condition of the record, appellee undoubtedly was not entitled. See Kuhn v. City of Yoakum (Tex. Civ. App.) 257 S. W. 337; Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Sanders v. Chaddick (Tex. Com. App.) 267 S. W. 248. In the latter case it was said, quoting from the headnote, that—

"Purchaser of used automobile, in reliance on false representations that it is new, who retains and continues to use it after discovery of fraud, is not entitled, when sued on note given in payment, to rescind contract and recover original purchase price."

However, though appellee may have waived his action for a rescission and not entitled to relief on that ground, he, nevertheless, on the allegation of misrepresentations made, was entitled to proceed, as he was allowed to do, upon an action for damages. But appellant urges that the judgment cannot be sustained upon this theory, and questions the findings of the jury that nothing remained unpaid on the note for $183.70, upon which appellants, by way of cross-action, sought to recover. We cannot understand just how the jury arrived at the conclusion that nothing had been left unpaid on this note, for the record discloses that both appellee and appellants not only pleaded the execution of the note, but also pleaded and testified that the plaintiff had only made three payments of $18.37 each on the note. Appellants' attack on this finding, on the ground that it is unsupported and contrary to the undisputed evidence, must be sustained. It is apparent, therefore, that appellants were entitled to a recovery for all unpaid sums due upon the note, for appellee, by his election, in effect affirmed the contract and sought only the damage done him.

[5] It becomes important then to determine what was his true measure of damage. In Sutherland on Damages, vol. 3, § 1171, it is said, among other things, that—

"Where there is a fraudulently false representation of quantity, quality or title, the measure of damages is the difference in value between that which is actual and that which was represented to exist. And interest, at least in the discretion of the jury, on this difference may be added. No distinction is made in the application of this rule as between real and personal property. If the latter is the subject of the action, its value is to be ascertained as of the time and place of the transaction."

In the case of George v. Hesse, 93 S. W. 107, 100 Tex. 44, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, which was an action for deceit, in that George had misrepresented to Hesse the condition of a certain tract of land, there was evidence sustaining the allegations in relation to the false representations, and the trial court charged the jury on the measure of damages in accordance with the rule that we have just quoted from Sutherland. But on certi-

fied question to the Supreme Court as to whether the trial court's instructions were correct, it was held in an opinion by Chief Justice Gaines that it was not. The court said:

"This is not a case in which the plaintiff sues for the breach of a contract—for the contract has been performed by both parties. But it is a case in which the plaintiff sues to recover damages for a fraudulent representation by which he has been induced to enter into a contract to his loss. Clearly we think the extent of his loss is the difference between the value of that which he has parted with and the value of that which he has received under the agreement. The contract in this case was not to convey a tract of land with a 'gusher' on it; but was to convey a certain tract of land, which was falsely represented to have a 'gusher' on it, which false representation was an inducement which led to the contract. Logically, therefore, what he has lost by the transaction is the measure of his damages. * * * If the plaintiff recovers a sufficient sum in money to make that which he has received · equal to that which he has conveyed and that which he has assumed to pay, he is compensated for his loss, and, as we think, that is the measure of his damages."

It may be said that by an Act of the Thirty-Sixth Legislature, chapter 43, §§ 1 and 2 (Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a, 3973b), the rule for the measure of damages, as announced in the case of George v. Hesse, has been so changed as to conform to the rule quoted from Sutherland, but by the terms of the act in this respect it is limited to transaction in real estate, or in stock in corporations or joint-stock companies. So that we think the measure of appellee's damage in this case was the difference in value between what he gave and the reasonable market value of the Hupmobile in the condition it was at the time of the sale. This rule is in harmony with the cases of Chilton v. Jennings, 178 S. W. 563, decided by this court, and Womack v. Hastings (Tex. Civ. App.) 200 S. W. 878. In the case of Cameron v. First National Bank (Tex. Civ. App.) 194 S. W. 469, it was said, in an opinion by Chief Justice Pleasants, that—

"In fraud cases in which by misrepresentation one person has been induced to purchase property from another, the general rule for the measure of damage is the difference between the value of the property and the amount paid therefor."

In the case of Riley v. Atmar (Tex. Civ. App.) 213 S. W. 682, in an opinion by Judge Graves, it is said:

"It is oft-repeated and familiar law that in cases of fraud the purchaser has a choice of remedies, either to stand upon the bargain and recover damages, or to rescind the contract, return the thing bought, and get back what he has paid: * * * the measure of damages being the difference between the value of the property and the price paid."

See, also, Paschen v. Lovett (Tex. Com. App.) 255 S. W. 385.

[6] It is perfectly apparent by an examination of the jury's verdict that there is no finding of the necessary elements in appellee's measure of damage, to wit, there is no finding of the value of what appellee gave for the Hupmobile nor a finding of the reasonable market value of the same at the time appellee purchased it. There is, therefore, no predicate in the findings upon which to base the judgment as rendered. It is true that in one of the findings the jury found that appellee was damaged in the sum of $325, but the rule for the measurement of this damage was not given in the court's charge, nor did the issue submitted seek to elicit the necessary facts upon which the proper damage could be based. So that the finding of damage referred to cannot be regarded as a sufficient support for the judgment, even though it should be considered that the Hupmobile was wholly worthless, of which, however, there is no evidence. On the contrary, the record discloses that it was of probable value. The replevy bond given by appellee to the sheriff, by means of which he obtained a return of the sequestered Hupmobile, was in the sum of $800. The statute (Vernon's Sayles' Ann. Civ. St. 1914, art. 7110) requires a replevy bond for an amount of money not less than double the value of the property to be replevied, and in the absence of evidence to the contrary a presumption arises that the sheriff gave a value to the Hupmobile, and that appellee also regarded it of value, otherwise no reason occurs to us why he should give a good bond in the sum of $800 to obtain possession thereof.

We conclude that the judgment should be reversed, and the cause remanded for another trial not inconsistent with this opinion.