**MORRIS & DICKSON CO., Limited, v. SIM-MONS et al.**

No. 4244.

Court of Civil Appeals of Texas. Texarkana.

Oct. 7, 1932.

Rehearing Denied Oct. 20, 1932.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

Keeney & Moseley, of Texarkana, for appellees.

LEVY, J. (after stating the case as above).

The appellant presents as error the refusal to enter judgment against the appellees

for the amount of the appellant's debt, for which it sued in this action. It is believed error may not be predicated in rendering judgment in favor of W. B. Simmons discharging him from liability upon the amount of the debt sued for. The obligation existing of assuming to pay "one half the indebtedness of the $7,000.00 owed by the Cut Rate Drug Store at this date" has been extinguished, and there was discharge of the contract by performance. The $7,000 was the sum expressly fixed by the contract as payable, and one-half that sum was the share W. B. Simmons was under obligation to pay. He has actually paid, as the trial court was warranted in finding as a fact, more than one-half the $7,000 owing by the Cut Rate Drug Store. It is believed, though, considering every fact and circumstance in the case, that the appellee H. A. Simmons is not in a position so clear and certain of remedy against liability as respects his existing obligation. His particular existing obligation, as reflected by the provision of the written contract, was that of assuming to pay without limitation or condition "all indebtedness now owed (July 28, 1928) by the Cut Rate Drug Company for fixtures, goods, wares, merchandise and taxes." And the undisputed evidence shows that H. A. Simmons has not discharged such contract obligation by full performance. He has paid all the outstanding debts due and owing by the Cut Rate Drug Company, including taxes and all of the indebtedness owing appellant except the sum of $704, which it sues for in this action. If the appellee H. A. Simmons has an equity in the pleaded defense against liability of fraud, deceit, and mutual mistake, it does not appear in the evidence.

The evidence affirmatively shows without conflict that H. D. Hardeman and H. A. Simmons had verbal negotiations respecting the sale of H. D. Hardeman's half interest in the drug store, and in those negotiations they came to agreement on terms of sale, but there appears nothing in their negotiations in anywise pointing to an understanding that their contract should not be evidenced by formal writing. There does appear some evidence going to show that there was no understanding that there should be a written contract, yet there was no evidence that their contract should not be reduced to and evidenced by formal writing as done. And it is believed that every fact and circumstance in the case goes to show that the previous oral negotiations were intentionally merged into the formal writing as a binding contract, and there was no mutual mistake in point of fact in reducing to a written form the provisions embodied in the formal writing. It affirmatively appeared that H. D. Hardeman had the written instrument prepared as embodying the contractual provisions agreed upon, and delivered it over to H. A. Simmons, who, with full opportunity to read it and without any protest whatever, executed it and kept a duplicate copy of it. He never at any time afterwards made complaint to Mr. Hardeman that there had been any mistake as to its preparation or its execution. Therefore in the circumstances the written instruments must be regarded as evidencing and expressing the terms of agreement mutually adopted by the parties. Kansas City Packing Box Co. v. Spies (Tex. Civ. App.) 109 S. W. 432.

A binding obligation being fixed on the parties, as reflected by the written instrument, do the circumstances afford equitable grounds of relief to Mr. H. A. Simmons, upon the charge of fraud or mutual mistake? It is urged, in effect, that H. D. Hardeman made false representations to Mr. H. A. Simmons of the amount of indebtedness owing by the Cut Rate Drug Company at the time of the sale of the drug store on July 28, 1928. Assuming upon this appeal that in point of fact fraud or deceit was practiced in the respects claimed, and that the precise contract provision sued on was induced by either false representations, deceit, or mistake, yet, it is thought, it must be nevertheless ruled that Mr. H. A. Simmons is legally bound to fulfill the contract, for the circumstances conclusively establish that he has elected to affirm the contract of purchase and to waive the fraud or mistake in the making of the contract. As shown by the evidence, H. A. Simmons purchased the one-half interest of H. D. Hardeman in the drug store and promised to pay as a part of the purchase price an indebtedness of the vendor Hardeman to another person. H. A. Simmons has actually paid all the debts assumed, including taxes, except the balance of $704 admittedly due on the appellant's debt. Upon the completion of the audit of the books of the Cut Rate Drug Company, made in May, 1930, Mr. Simmons plainly and certainly discovered that he had been injured, as claimed by him, by fraudulent representations as to the amount of the outstanding indebtedness of the vendor Hardeman undertook to be assumed. After ascertaining the false representations, and being fully apprised of the alleged fraud, the vendee Simmons made no complaint or offer to return anything to the vendor Hardeman. The vendee Simmons continued to keep and enjoy the property purchased and without complaint or objection whatever, from the date of the completed audit of the books in May, 1930, to the date of the trial in December 30, 1931, about a year and a half. In the facts, the defense of rescission may not be predicated, because there was no election of rescission. A partial rescission, as respects the precise amount of the debt in suit, would not be allowable because the contract of sale in this case was not divisible, and the rescission must be in toto or not at all. 2 Black on Rescission, § 583, p. 1365; 13 C. J.

§ 682, p. 623. And in the facts the acts of the vendee manifest a waiver of fraud in making the contract, by accepting and holding on to the property after he had timely knowledge that he had been defrauded. Smith on Fraud, § 136; 2 Black on Cancellation, § 561, p. 1319; 20 Tex. Jur. § 69, p. 106; 7 Tex. Jur. § 6, p. 891. The above rules apply as well to mistakes. Horan v. Long, 11 Tex. 230; and other cases. There is no pretense in the evidence that the property purchased and conveyed by the vendor Hardeman was worth less than the amount paid to the vendor and the debts which have been actually paid by the vendee Simmons, including the balance due appellant. The vendee therefore has suffered no loss or damage because of the alleged fraud. 1 Elliott on Contracts, § 91, p. 163; George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456; Pitts v. Kennedy (Tex. Civ. App.) 177 S. W. 1016; 20 Tex. Jur. § 133, p. 183.

The judgment is affirmed as to W. B. Simmons, and the judgment as to H. A. Simmons is reversed, and judgment is here rendered in favor of appellant against H. A. Simmons for the debt sued for. The cost of appeal will be taxed one-half against H. A. Simmons and one-half against appellant; the costs of the trial court will be taxed one-half against appellant and one-half against H. A. Simmons.