**QUAD DRILLING CORPORATION,**
Appellant,

v.

**F. Lee LAWRENCE, Trustee for Trice Production Company, Debtor,**
Appellee.

No. 23733.

United States Court of Appeals
Fifth Circuit.

June 27, 1967.

Roy J. True, Henry Klepak, Dallas, Tex., for appellant.

F. Lee Lawrence, pro se.

Before GEWIN, THORNBERRY and DYER, Circuit Judges.

DYER, Circuit Judge:

At public auction Quad Drilling Corporation purchased 14.67 acres of land with improvements sold by Joe D. Huff-

stutler, Trustee[1] in reorganization proceedings. In a claim for restitution Quad complained that the Trustee misrepresented the amount of land to be 17.25 acres. The District Court disallowed the claim and Quad appealed. We affirm.

Trice Production Company, debtor in a reorganization proceeding, was the owner of 14.67 acres of property on which there was an office building, warehouse and a frame residence. On application of the debtor's mortgagee, the District Court ordered the property sold at public auction to the highest bidder. The Trustee authorized an auctioneering firm to advertise the property and conduct the sale. The Trustee found a survey in the company's records showing the amount of property to be 17.25 acres and made this information available to the auctioneer. The auctioneer prepared and mailed an advertising brochure, which stated that, "The Trice Properties are situated on approximately 17½ acres of land * * *." This came into the hands of Quad. At the auction sale Quad was the highest bidder for the property at a price of $190,000 and made a good faith deposit of $19,000. The sale was confirmed by the District Court. Thereafter Quad defaulted in consummating the sale within the time required by the purchase agreement. Additional time to close was granted by the District Court. Quad then had the property re-surveyed by the same surveyor who had performed the original survey. The original survey proved inaccurate and the property was found to contain 14.67 acres instead of 17.25 acres. Quad brought this to the attention of the Trustee. About three weeks later Quad consummated the sale and paid the Trustee the balance of the purchase price without making any claim for damages for the acreage shortage. Subsequently Quad sought restitution.

We find it unnecessary to assess or discuss the many points of error asserted by Quad because the record is clear and fully supports the District Court's finding that Quad "has wholly failed to establish by evidence here any damage that it has suffered" as a result of the acreage shortage.

Quad's appraiser put an acreage value of an acre of land in this tract at $2,811.-00 and then arrived at the amount of damages by simply multiplying the deficiency of 2.54 acres by $2,811.00 giving a total of $7,253.90. The same appraiser however also appraised the fair market value of the land and improvements at $325,000.00. Another appraisal of the fair market value was made for Quad in the amount of $313,000.00. Before Quad closed the purchase from the Trustee it had obtained a loan commitment of $195,-000 on the 17.25 acres, and after the deficiency was discovered and the sale closed the same loan company consummated the loan with Quad for exactly the same amount, i. e., $195,000 ($5,000 more than Quad paid for the property).

■ Applying the settled rule of Texas that in the sale of land the proper measure of damages is the difference between the purchase price and the fair value of land received as of the date of the purchase, George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804. Wheeler v. Boyd, 69 Tex. 293, 6 S.W. 614, it is clear that Quad failed in carrying its burden of showing that the 14.67 acres of land was of less value than Quad paid for the land. Quad established neither the fact of a difference nor the amount of such difference as a basis for judgment and therefore has shown no damage. Briley v. Hay, Tex.Civ.App., 13 S.W.2d 997; George v. Hesse, supra, and Cox v. Barton, Tex.Comm.App. 212 S.W. 652.

■ Quad's claim for special damages consisting of air plane rental, travel expenses, photographs and attorneys' fees related to Quad's search for a loan on the property acceptable to it and lacks merit. This was collateral to and of no concern to the Trustee and there can be no liability on the estate.

---

1. At the time of all of the events in question in this appeal the Trustee of the debtor's estate was Huffstutler. On July 9, 1966, F. Lee Lawrence was appointed successor Trustee.

The other part of the claim had to do with a malfunctioning air conditioning system in the office building. Although the District Court, on confirmation, ordered the Trustee to give a credit of $2,456.90 on the purchase price to Quad because of a defect in the air conditioning system, further special damages (loss of rentals increased maintenance, etc.) were sought and denied in the restitution claim. The trial judge fully determined this issue once, and the purchaser thereafter accepted the property and paid the purchase price. These issues were foreclosed. Cf. Hall v. McGehee, 5 Cir., 1930, 37 F.2d 854, cert. den. 281 U.S. 747, 50 S.Ct. 351, 74 L.Ed. 1159.

The judgment is

Affirmed.