VAUGHN et al. v. BRYANT et al.  (No. 375.)

Court of Civil Appeals of Texas. Eastland. Dec. 16, 1927.

Rehearing Denied Jan. 13, 1928.

1. Appeal and error ⬅⮞837(7)—In determining whether answers to issues are conclusive against appellant, unanswered issues will be considered as though answered in appellant's favor.

Where material issues were not answered by jury, in deciding whether answers as made were conclusive as to appellant's suit, appellate court must view case as though issues unanswered had been in fact answered by jury in appellant's favor.

2. Exchange of property ⬅⮞5—Exact restoration is not condition precedent to rescission of contract for exchange of land.

To obtain rescission of contract for exchange of land, it is not necessary that plaintiff be able to make an exact restoration.

3. Exchange of property ⬅⮞5—Tender of amount of notes given as part payment and offer to do equity held sufficient restoration to entitle party to sue for rescision of exchange of lands.

Where one, seeking rescission of contract for exchange of land on ground of fraudulent representations, tendered amount of notes executed by defendant as part of exchange, together with interest, and further offered to do equity, there was a sufficient offer of restoration entitling plaintiff to rescission, if her right was otherwise established.

4. Exchange of property ⬅⮞8(4)—To obtain rescission of contract for exchange of property for fraud, pecuniary injury to complainant and fraud must be shown.

In order to obtain rescission of contract for exchange of lands for fraud, complaining party must show, not only that fraud has been perpetrated, but that as result of fraud complainant has suffered pecuniary injuries.

5. Exchange of property ⬅⮞5—That parties seeking rescission of exchange of lands received full value in exchange did not preclude rescission.

In action for rescission of contract for exchange of lands on ground of fraud and for damages, jury's finding that complainants received full value for land they exchanged did not preclude claim for rescission, where it was shown that claimants suffered financial injury, in that land they received was of less value than as represented.

6. Trial ⬅⮞352(1)—Issues, in action for rescission of exchange, which were indefinite and did not require finding as to knowledge of both complainants, held improper.

In action by husband and wife for rescission of contract for exchange of lands on ground of false representations, issue, not requiring finding as to knowledge of both complainants, but as to only one, and which were indefinite as to which complainant was included in answer, were improper.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Mrs. Nora C. Vaughn and husband against M. B. Bryant and another. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

J. R. Stubblefield, of Eastland, for appellants.

Grisham Bros., of Eastland, for appellees.

PANNILL, C. J. Nora C. Vaughn, joined by her husband, exchanged with appellee M. B. Bryant a tract of land, her separate property and situated in Eastland county, for certain land belonging to the appellee named, located in Dawson county. As a part of the exchange M. B. Bryant executed to Nora C. Vaughn eight notes for the sum of $100 each, maturing successive years thereafter and secured by a vendor's lien upon the Eastland county land, and as per the prior agreement of M. B. Bryant these notes were assigned to Andrew, son of said appellee, who paid appellant Nora C. Vaughn the face value therefor. Within a few months thereafter appellants brought suit in two counts, the first to cancel the deed executed by them

to the appellee named because of certain fraudulent representations alleged to have been made by M. B. Bryant to the plaintiffs, tendered a reconveyance of the Dawson county land to said appellee, together with the amount of the notes which said appellee had executed, with interest thereon, and a further offer to do equity; and, second, to recover damages. The representations relied on as having been made by appellee M. B. Bryant to appellants were as follows: That the Dawson county land was not shinery land; was not deep, white, blow sandy land; was approximately 13 miles from Lamesa, Tex.; that said land had no mesquite on it; that a public road had been laid off or established from Lamesa to said Dawson county land; that part of said land ran into a valley; that said land was good to raise any character of crop on except wheat; that all that was necessary to be done in order to place the land in a state of cultivation was to break and begin ploughing the same.

It is unnecessary to state in detail the pleadings of the defendants, as the contentions material will be disclosed in discussing the various propositions thought to be decisive of the case. The submission was upon special issues and each of the alleged fraudulent representations above stated was submitted separately. A special verdict was returned in which the jury failed to answer whether the representations were made as to the land not being shinery land; as to the character of land as to being good land or white, blow sand; or as to its location being approximately 13 miles from Lamesa. The special verdict answered that there was a representation that part of said land ran into a valley, and that this representation was true, and that the remaining representations stated above as alleged were not in fact made by appellee M. B. Bryant. The jury found that the Dawson county land, together with the difference in price received by appellants, equalled the value of the Eastland county land parted with by them.

Three other special issues were answered by the jury, and, inasmuch as the form of said issues becomes material, they will be set out in full:

"Special issue No. 4: Did the plaintiffs, or either, or both of them rely upon their own knowledge, if any, of the kind and character and location of land in Dawson county? Answer yes or no. Answer: Yes.

"Special issue No. 5: Did one L. G. Ross describe and tell plaintiffs, or either one or both of them, the character and kind of land the Dawson county land was, at the time or before they traded for same? Answer yes or no. Answer: Yes.

"Special issue No. 6: What kind of land did Ross inform, if you find he did do so, or either or both of them, the land in Dawson county was? Answer what kind of land. Answer: Sandy, shinery land.

"Special issue No. 7: Did the defendant M. B. Bryant request and advise the plaintiffs, or either of them, to go and look at the land in Dawson county before they traded for same? Answer yes or no. Answer: Yes.

"Special issue No. 9: Did the plaintiffs, or either of them, fail and neglect to go and look at the Dawson county land, by reason of any knowledge, if any, they or either of them had of the lands in Dawson county? Answer yes or no. Answer: Yes."

There was also a finding that Andrew Bryant did not know of any representations made by his father to appellants at any time before the deal was consummated.

[1] The learned trial judge decided that the answers made entitled the appellee to a judgment, which was accordingly entered. resulting in this appeal. It is the position of appellants that, in the absence of answers by the jury to special issues as noted above, a mistrial should have been declared. On the face of it, appellants appear to have been entitled to an answer from the jury as to whether the material representations alleged by them were in fact made, and, if they were, whether false, and, if false, whether such representations were relied on by appellants to their injury, and unless the issues answered preclude the plaintiffs' right to rescind, a mistrial should have been ordered. In deciding whether the answers as made were conclusive as to appellants' suit, the case must be viewed as though the issues unanswered had in fact been answered by the jury in appellants' favor.

Appellees present a number of propositions as sustaining the judgment which can, we believe, be grouped and disposed of under three major points: (1) That the appellants having disposed of the notes executed by appellee M. B. Bryant, and they being unable to secure possession of said notes so as to tender the identical notes to said appellee, and thereby place him "in statu quo ante," this defeats appellants' claim for rescission; (2) that the finding of the jury that appellants received full value for their Eastland county land precluded a recovery for damages; that said finding last adverted to conclusively shows that no pecuniary injury was suffered by appellants, and they were therefore not entitled to rescission; (3) that the jury's finding to the effect that one of the appellees made the trade in reliance upon his or her own knowledge, after having been informed of the true character of the land, was a complete answer to appellants' cause of action.

[2] Appellees assert with great vigor and force that, unless appellants are able to make an exact restoration, they cannot have rescission, and rely upon the case of Douglass v. Blount, 95 Tex. 369, 67 S. W. 484, 58 L. R. A. 699, and other authorities to the same effect, as sustaining the contention noted.

In Douglass v. Blount it was decided that a vendor, who receives several purchase-money notes and transfers one or more of these

notes to third parties, loses his right to rescind for failure of the vendee to pay the remaining notes held by the vendor. Upon careful investigation we do not believe that this authority and others of the same tenor rule the question under consideration. The decision in that case is applied to a person having two remedies under a contract and does not, it is believed, affect the rights of a defrauded vendee to rescind the contract for fraud, as it seems an entirely different rule governs cases of the latter kind. In such cases the rule seems to be:

"The fact that the parties cannot be put in statu quo precisely as to the subject-matter of the contract will not preclude a decree for rescission; if it could, no executed contract could be so rescinded. A substantial restoration is all that in any event is required. * * * Defendant cannot object that a rescission will not do complete justice to plaintiff because the parties cannot be placed in statu quo."

"Where a return of all the property received by complainant is rendered impossible by reason of his having parted with a portion of the property so received before discovery of the fraud, it would seem that the requirements of justice should be satisfied by a return of the part of the property retained with compensation for the remainder." 9 C. J. p. 1212, §§ 100, 102; Black on Rescission and Cancellation, § 627, pp. 1452, 1453.

This statement of the rule is fully sustained by the decision of our own courts.

In McDonald v. Simons (Tex. Com. App.) 280 S. W. 571 (the opinion having been adopted by the Supreme Court), in discussing a similar state of facts, it is said:

"Upon the facts shown, it is one for equitable relief. Equity is not omnipotent, but it is at least rich in remedies for relief in cases of fraud, and, like the Master, 'tempers the wind to the shorn lamb.' It is not unbending in its requirement of a restoration of the exact status quo as a condition to rescission and cancellation. If plaintiff in error is sufficiently indemnified against payment to Gleason upon his assumption, that would not constitute an insuperable barrier to rescission."

The court was there discussing the effect of the assumption by the alleged fraudulent vendor of a lien upon the land traded to him by the alleged fraudulent vendee and it is believed this is the exact question under consideration here. A number of authorities to the same effect might be noted, to wit: Wells v. Houston, 23 Tex. Civ. App. 629, 57 S. W. 585; Cecil v. Henry (Tex. Civ. App.) 93 S. W. 216. This court has previously so decided in the case of Green v. Hopper (Tex. Civ. App.) 278 S. W. 286.

[3] If Mrs. Vaughn had otherwise established her right to rescind the contract, her tender into court of the amount of the notes executed by appellee Bryant, together with interest thereon, and her further offer to do equity, clothed the trial court with full power to indemnify said appellee for any personal liability on said notes, and this is all that justice requires, inasmuch as it appears that, if there was a fraud, the transfer of the notes was made simultaneously with the exchange of the properties, and therefore before the fraud was discovered. It is true that the finding by the jury that appellants received full value for the land concluded her right to recover damages for alleged fraud perpetrated upon her, under the rule announced in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456.

Since the decision last noted the Legislature (Acts 1919, p 77, now article 4004, R. S. 1925) has attempted to change the rule as stated in George v. Hesse, supra, in regard to transactions with respect to land. In said statute it is provided:

"All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract."

[4] This statute has been held unconstitutional in part in Clem v. Evans (Tex. Com. App.) 291 S. W. 871, 51 A. L. R. 1135, but as to its effect in the present case we need not further inquire, for if the receipt by appellants of full value for their Eastland county land completely answers their claim for actual damages, it appears that this finding would not preclude their claim for rescission. It is the law that, in order to obtain rescission, the complaining party must show, not only that a fraud has been perpetrated, but that as a result of the fraud the complainant has suffered pecuniary injury. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1.

In that case the authorities are exhaustively reviewed by Associate Justice Pierson, and the proposition as stated is pertinently decided and definitely established; but in deciding what constitutes pecuniary injury it is plainly held in that case that a finding that the defrauded party received full value in the deal does not always answer the question as to whether he suffered pecuniary injury. There, the plaintiff relied upon a representation made to him in the purchase of stock that the stock was then worth more than he was paying therefor. The jury found that this representation was made and relied upon. In answer to further inquiry as to the value of the stock at the time of the purchase, the jury answered that the value was unknown. In commenting upon these answers, the court say:

"If the jury had been asked and had found that that representation was false, it might reasonably have been deduced therefrom that

the stock at the time of purchase was not worth more than he was paying for it, and that he was injured, in that by fraud he was induced to buy stock of less value than represented and of less value than he contracted for."

This seems to hold that the test of pecuniary injury in cases of fraud does not lie exclusively in the fact that the complaining party received value for the property he parted with, but may exist in the fact that he received, by virtue of the fraud, property of less value than he contracted to receive and of less value than as represented.

[5] Applying these rules to the present case, it would seem to follow that, notwithstanding that Mrs. Vaughn received property and money of the value of her Eastland county land, she, nevertheless, suffered financial injury, if what she received was of less value than it would have been had it been as represented to her. She alleged, and supported that allegation by proof, that the land was represented to her as not being shinery land, was not deep, white, blow sandy land, and was located approximately 13 miles from Lamesa, and that these representations were false, in that the land, in fact, was deep, white, blow sandy land, shinery land, situated 20 miles from the location named. If these representations were false, it would certainly appear that the land which she received would be of less value than represented, and she would therefore have suffered pecuniary injury.

[6] It is further insisted that the answers to special issues Nos. 4, 5, 6, 7, and 9 establish conclusively that appellants did not rely upon any representations which might have been made to them, and they are therefore without a part of the necessary predicate for a rescission. Appellants objected to the form of the submission of special issue No. 4, because the same did not require a finding as to the knowledge of both appellants, but as to only one. It is believed that this objection is well taken. A categorical answer to issues in the form of those herein copied above do not establish any fact as to both appellants and leaves the finding indefinite as to what appellant is included in the answer. It is impossible to determine from the issue and the answer thereto as to whether the jury intended to find that Mrs. Vaughn relied upon her own knowledge or whether Mrs. Vaughn was informed of the character and kind of land she was trading for in Dawson county, or as to whether Mrs. Vaughn neglected to inspect the Dawson county land by reason of any representations made by appellee Bryant, or whether the answers only charged these matters to her husband. Certainly her suit could not be decided against her by reason of any conduct on the part of her husband in which she did not participate and of which she did not have further knowledge. It is believed that the answers of the jury are too indefinite to establish a sufficient predicate to deny Mrs. Vaughn a recovery. Lancaster v. Bradford (Tex. Civ. App.) 279 S. W. 607.

The plaintiff's objections to special issue No. 4 are sustained and upon another trial it is suggested that the form of the issues submitted to the jury with reference to these matters should not be submitted as in the present instance in the alternative, but simply as to whether plaintiffs relied upon their own knowledge, etc.

As stated above, where material issues are not answered by the jury, and in deciding the question as to whether judgment can be entered upon other issues, the matter must be considered as though the jury had answered favorably, to the adverse party, the issues which are not in fact answered.

In this case, if the jury had answered that the appellee had represented to appellants that the land in Dawson county was not shinery land, and that the same was good land, and that said land was located approximately 13 miles from Lamesa, and that these representations were false, and that plaintiffs relied thereon, we do not believe it could be fairly contended that the court on such a verdict, together with the other answers as noted should render judgment for the appellees.

From what has been said, it logically follows that the judgment of the trial court should be reversed, and the cause remanded, and it is so ordered.