## BRYANT et al. v. VAUGHN et al.
### No. 5098.

Supreme Court of Texas.

Dec. 20, 1930.

R. N. Grisham and J. S. Grisham, both of Eastland, for plaintiffs in error.

J. R. Stubblefield, of Eastland, for defendants in error.

LEDDY, C.

Mrs. Nora C. Vaughn owned 129 acres of land situated in Eastland county. She made a trade with M. B. Bryant in which she exchanged such land for 88½ acres of land situated in Dawson county. The lands were exchanged upon the basis that each tract was worth $20 per acre. This necessitated Bryant's executing a vendor's lien note in favor of Mrs. Vaughn in the sum of $800 in order to equalize the value of his tract with the one which he was receiving.

After the deal was fully consummated, Mrs. Vaughn, joined by her husband, brought this suit against Bryant, in which a rescission of the trade was sought because of certain false representations alleged to have been made by him with reference to the quality, character, and location of the Dawson county land. The petition contained an alternative allegation that, if for any cause rescission should be denied by reason of the fraudulent representations alleged, Mrs. Vaughn had suffered damages in the sum of $3,500, for which she prayed judgment.

Upon trial before a jury each fraudulent representation relied upon was submitted by the court as a separate issue. The jury found a number of these issues in favor of Bryant, but failed to agree upon and make answer to the issues: (a) As to whether the land was represented by Bryant not to be shinnery land; (b) that it was good land; (c) that the land was located approximately 13 miles from Lamesa.

In answer to other issues the jury found that at the time of the trade each tract of land was of the reasonable cash market value of $20 per acre, the identical value upon which the exchange of said lands was based.

The trial court concluded from the findings of the jury that Mrs. Vaughn should be denied a recovery, hence rendered judgment in favor of Bryant. Upon appeal to the Court of Civil Appeals the judgment of the trial court was reversed and the cause remanded for another trial. 1 S.W.(2d) 667.

Plaintiff in error insists that the unanswered issues of fraud become immaterial, because, if the same had been answered in favor of defendants in error, the trial court, under the finding of the jury that Mrs.

Vaughn received property in the trade worth as much as the value of that with which she parted, would have been compelled to have rendered the same judgment.

■ The rule in this state is settled that the equitable remedy of cancellation is not available because of fraudulent representation made to induce the execution of a contract unless it be shown in connection therewith that some injury or damage has resulted to the party claiming to be aggrieved. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1, and authorities there cited.

■ The rule announced in the above case bars defendants in error's right to rescission of the trade in view of the jury's finding that the value of the property received by them was equal to that with which they parted possession. It is insisted, however, if the right of rescission be unavailable, they are entitled to recover under their alternative plea for damages.

The measure of damages applicable to actions of this character, announced by the Supreme Court in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, would operate to deny a recovery under the facts shown by this record. Judge Gaines, in answering a certified question as to the proper measure of damages, under a state of facts practically identical with those here presented, said: "There is a conflict of authority upon the point; but it seems to us, that the difference of opinion grows out of a confusion as to the nature of the cause of the action. This is not a case in which the plaintiff sues for the breach of a contract, for the contract has been performed by both parties. But it is a case in which the plaintiff sues to recover damages for a fraudulent representation by which he has been induced to enter into a contract to his loss. Clearly, we think, the extent of his loss is the difference between the value of that which he has parted with, and the value of that which he has received under the agreement. The contract in this case was not to convey a tract of land with a 'gusher' on it; but was to convey a certain tract of land, which was falsely represented to have a 'gusher' on it, which false representation was an inducement which led to the contract. Logically, therefore, what he has lost by the transaction is the measure of his damages."

■ But, it is claimed the Legislature has, since the decision in the above case, enacted article 4004, R. S. 1925, for the evident purpose of modifying the rule therein announced as to the proper measure of damages in such cases, and that under this statute defendants in error are entitled to recover the difference between the value of the Dawson county land, as represented, and its actual value at the time they received it.

The statute in question defines the measure of damages in cases coming within its provisions as follows: "All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract."

In order for a party to recover the measure of damages provided by the above statute, it is essential that he allege and prove the value of the property received, if it had been as represented, and its actual value in the condition in which it was delivered at the time of the contract, the difference between such value constituting the measure of damages.

There is no allegation in defendants in error's petition as to what the Dawson county land was worth, if it had been as represented, beyond the allegation that it was taken in the trade at a value of $20 per acre. If we should treat this allegation as being the value intended to be alleged, if the land had been as represented, then a basis existed for a recovery by defendants in error for the difference between such value and the value of four or five dollars per acre, which their testimony showed was the actual value of the land they had received. Inasmuch as the jury refused to accept defendants in error's theory that the land received by them in the transaction was only worth four or five dollars per acre, but expressly found that the same was worth $20 per acre, the exact value at which it was received in the exchange, no basis existed for the rendition of a judgment in favor of defendants in error for damages under the rule provided by the statute.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court affirmed.

CURETON, C. J.

The foregoing opinion is adopted as the opinion of the Supreme Court and judgment will be entered in accordance therewith.