**J. A. ADAMS, Jr., Appellant,**

v.

**Donald T. WOOLDRIDGE et ux., Appellees.**

**No. 6759.**

Court of Civil Appeals of Texas.

Amarillo.

March 17, 1958.

McCarthy, Rose & Haynes, Amarillo, for appellant.

Hamilton & Deaver, Memphis, for appellees.

NORTHCUTT, Justice.

This is an action brought by the plaintiff, J. A. Adams, Jr., against the defendants, Donald T. Wooldridge and wife, Edith E. Wooldridge, for damages in connection with the exchange of certain properties. Mr. Adams owned certain farm and ranch land in Hall County, Texas. Mr. and Mrs. Wooldridge owned a certain tourist court in Winslow, Navajo County, Arizona. Adams traded his land for the tourist court and assumed the indebtness existing against the tourist court. The deal was closed by the transfer of the properties. Thereafter Mr. Adams traded the tourist court to another party and brought this suit for damages against Mr. and Mrs. Wooldridge, hereinafter referred to as appellees.

It was the contention of Mr. Adams, hereinafter referred to as appellant, that after taking possession of the tourist court he soon discovered that the court did not

have the income as represented by appellees and he was compelled to and did transfer the court in order to minimize any further losses. Appellant alleged that the Hall County land that he traded to appellees was of the reasonable market value of $60,000, and that for the purpose of inducing the appellant to make said exchange of properties, appellees represented that the tourist court during the year 1955 had grossed approximately $30,000, that said representations were material and contributed to the inducement of the appellant transferring his Hall County property to appellees. Appellant then alleges that such representations were false and fraudulent in that, as was afterwards discovered, said property grossed only a small percentage of the amounts represented. This case was tried to a jury and at the close of appellant's testimony the appellees requested the court to instruct a verdict for them. The trial court granted the motion and discharged the jury and rendered judgment that plaintiff take nothing by his suit. From this judgment appellant perfected this appeal.

It seems to be the contention of appellant, because he alleges that appellee represented that the gross income from the tourist court in 1955 was approximately $30,000 and then offers evidence that the court was not worth more than the indebtedness existing against it, and that the property in Hall County was worth $60,000, he was entitled to recover damages in the sum of $60,000. Even under appellant's theory, he would have been required to show the gross income of the tourist court did not amount to approximately $30,000, and we are unable from this record to determine what the gross income was for the entire year of 1955. Appellant proved by appellee, Mr. Wooldridge that appellees only had the court the last six months of 1955 and the gross for that six months period was $12,180.50. But we do not know what it was for the first six months of 1955. But, be that as it may, we think, in the exchange of property as shown by this record,

that it is well established as the law in this state under Vernon's Ann.Civ.St. Article 4004 that appellant's damages, if appellees made fraudulent representations misleading appellant as alleged, would be the difference between the value of the property as represented and the actual value of the property at the time of the contract of the exchange. Article 4004; Bryant v. Vaughn, Tex., 33 S.W.2d 729; Smith v. Jordan, Tex.Civ.App., 220 S.W.2d 481.

Appellant having failed to properly plead and prove the measure of his damages, if any, the trial court could do nothing other than as it did.

Judgment of the trial court affirmed.