## BRADLEY v. FAGALA.
### No. 3363.

Court of Civil Appeals of Texas. Amarillo.
Feb. 26, 1930.

Schenck & Triplett, of Lubbock, for appellant.

R. L. Graves, of Brownfield, for appellee.

RANDOLPH, J.

This suit was instituted by Fagala, as plaintiff, against J. M. Bradley, as defendant. Judgment for plaintiff, and defendant appeals.

The plaintiff's petition alleges substantially that on or about the 17th of March, 1927, the defendant, J. M. Bradley, sold him an automobile; that in selling same the defendant represented to him that the automobile was a first-class one, manufactured and put out by the General Motors Corporation, one of the largest manufacturers of automobiles in America; that said automobile was of sound workmanship, free from defects of every kind, character, and description, and of the best material obtainable, by the most skilled mechanics to be had; that the same was built for speed and endurance; that same was new and in good order, and with ordinary care would give plaintiff perfect service until the same was driven 100,000 miles; that same would travel said distance without any expenses other than ordinary upkeep, and would not need any repairs or attention of any kind up to the making of said distance; that at said time and place defendant also represented that he would furnish free of charge to plaintiff, for a term of ninety days, service on said automobile, and that, if any minor defects appeared or any defects of any kind or character caused from the use of bad material or mechanical defects, the same would be cared for and all replacements made by the defendant free of charge, and that said automobile was worth and of the value of $1,145; that at said time he was in the market for an automobile, and, having no knowledge of the mechanical construction of automobiles or machinery, which information at said time was conveyed to the defendant, and relying solely upon the recommendations and representations made by the defendant, and believing them to be true, the plaintiff purchased said automobile, agreeing to pay the sum of $1,145 therefor; that within less than thirty days after the delivery of said automobile, plaintiff discovered that the same was defective and valueless; that the main shaft of the oil pump was short, and by reason thereof the oiling system did not function and that by reason thereof the cam shaft, bearings, and pinions and shaft on the ignition system gave way completely; that the workmanship and material were not free from defects as represented by the defendant, in that one of the main shafts was out of line and the engine not properly constructed, in that the worm drive off the cam shaft was not in line and would not function, the shaft being too short and would drop down and would thereby cause the cutting of the pinions on the drive gear of the ignition system and the whole engine by virtue thereof was worthless; that said engine was not in good order and would not last until the same had been driven a distance of 100,000 miles, but on account of the defects thereof it was valueless at the time of delivery by the defendant and is and was of no value as an automobile; that it had the appearances of a secondhand car after some of the paint had come off, and was not worth $1,100; that, after discovering said conditions, the plaintiff took the automobile back to defendant and told him about it, but defendant insisted that it was as represented and again assured and promised plaintiff that he would make good his representations, warranties, and guaranties and insisted that the plaintiff continue to drive the automobile, and plaintiff, having the utmost confidence in defendant, and relying upon said statements,

and believing them to be true, kept using the automobile at the earnest solicitation and request of the defendant, which he would not have done had it not been for the repeated promises and representations so made by the defendant; that all representations made to plaintiff by the defendant were material and were false, and were made fraudulently for the purposes of inducing the plaintiff to part with said $360 down payment and for the purposes of obtaining plaintiff's signature to said sales contract and make the installment payments, and the plaintiff, so relying upon such representations and warranties and believing them to be true, signed said contract and made said payments.

Plaintiff thereupon alleges in said petition the following items of damage: That plaintiff has been compelled to expend for repairs the sum of $200; that, by reason of said promises, representations, etc., he had paid six of the installments on said sales contract, amounting to $392.52; that, by the failure of the car to operate, he was compelled to provide other conveyance and modes of transportation in the sum of $500; and that, by reason of the promises, plaintiff has been damaged by said false and fraudulent representations and failure on the part of defendant to deliver, as promised and agreed, a first-class automobile as represented by him, in the sum of $1,252.52.

The plaintiff then tenders back to defendant said automobile, and asks that he be reimbursed for his cash payment, for the amounts paid on sales contract, and for his damages, and that said installment contract be canceled and held for naught, and that upon trial plaintiff have judgment for such damages, interest, and costs of suit and for the rescission and cancellation of said contract, or, in the alternative, for judgment against the defendant if it be shown that defendant is not in possession of said contract, for other and further relief, in law and in equity.

The defendant filed his second amended original answer and cross-action, consisting of general and special exceptions, general denial, and specially pleaded certain defenses and also his cross-action seeking to recover the balance of purchase money for the car, etc.

Plaintiff, by way of answer to the defendant's pleading, filed his third supplemental petition, and defendant filed his second supplemental answer.

Trial of the case was had before a jury, and, upon special issues submitted to them, they found: That the automobile in question, when delivered to the plaintiff by the defendant, J. M. Bradley, was not of the same degree of workmanship, material, or adjustment as were other automobiles of this make and model when delivered, as new cars, by dealers to purchasers; that they find from a preponderance of the evidence that the defendant, J. M. Bradley, promised plaintiff that said car would be by him remedied and repaired to make it as complete as other automobiles of this make and model when delivered as new cars by dealers to purchasers; that the plaintiff believed and relied on the promise or promises of defendant that he would remedy and repair the automobile so as to make it complete as other automobiles of this make and model when delivered as new cars by dealers to purchasers; that plaintiff retained and kept possession of the automobile by reason of the promise or promises of the defendant that he would remedy and repair it so as to make it complete as other automobiles of this make and model, etc.; that the defendant did not repair the car; that the value of the automobile in controversy at the time it was delivered to defendant as a new car was $700; that the market value of the car when it was taken into possession by the sheriff under writ of sequestration was $400. Upon this verdict the trial court entered judgment in favor of plaintiff for the sum of $452.70, of which amount the sum of $52.70 represents the overpayment made by the plaintiff for the car in controversy, he having paid in money to date $752.70, and the sum of $400 represents the value of the automobile when same was converted by the defendant, together with interest from date of judgment.

There was no issue submitted to the jury for them to find as to the value of the use of the automobile during the six months it was driven by the plaintiff.

It is a very difficult matter for us to determine upon what ground the plaintiff seeks a recovery. The petition does not make clear whether the plaintiff relies upon fraudulent representations, failure of consideration, or warranty. His prayer for relief is equally ambiguous. He alleges the amount of his injury, but furnishes no satisfactory ground upon which he relies to establish it.

■ Considering the facts alleged in the petition, we do not think the plaintiff pleaded either ground of recovery, to wit, fraud, failure of consideration, or breach of warranty, with such certainty as to enable the trial court to submit either issue to the jury. Klock v. Dowd (Tex. Com. App.) 280 S. W. 194. The general demurrer should therefore have been sustained because of such uncertainty in the pleading of his cause of action.

■ The defendant's demurrer to the plaintiff's third supplemental petition should also have been sustained. The plaintiff's second amended original petition, in stating a cause of action, could not be aided by the allegations contained in the supplemental petition. The office of a supplemental petition is to reply to matters set up in the last preceding

pleading of the defendant. The plaintiff's cause of action, upon which he is compelled to rely, must be fully pleaded in his original or amended original petition, and cannot be aided by allegations in the supplemental petition. South Plains Coaches v. Behringer (Tex. Civ. App.) 4 S.W.(2d) 1003, and authorities therein cited. This being the rule, the attempt of the plaintiff to plead recovery based upon a warranty, as set out in his third supplemental petition, cannot avail him in strengthening or making clear his cause of action as alleged in the amended original petition.

In the matter of the alleged false representations, the plaintiff testified that he did not think the defendant intended to misrepresent the car sold him, and that the defendant really believed that the car was a good one at the time he sold it to the plaintiff. The defendant insists that, without proof of his intention to deceive the plaintiff, no recovery can be had, that one of the elements of an action for false representations was absent from the proof. We cannot sustain this contention.

The courts recognize the rule that representations which cause injury to another is legal fraud, whether the party making it intended to deceive the other party or not.

In the case of Thompson v. Shifflett (Tex. Civ. App.) 267 S. W. 1030, the rule is laid down that fraud in law arises from such acts, which though not originating in any actual evil design or contrivance to perpetrate positive fraud upon the other person, by the tendency of such representations to deceive or mislead the other, is deemed equally reprehensible with intentional fraud. Further that fraud has no fixed definition. It consists, and depends upon, the existence of a certain combination of facts in each case. Representations by which a party may be induced to act and upon which he does act, relying upon them, need not be fraudulently made to entitle him to relief for his injury caused by them. If the representations were made with the intention that they are to be acted on, and they are acted on to the other party's injury, it matters not that the party making the representations had no intention to deceive the other party.

The rule laid down in the above case is that, where affirmative representations are made and designed to be acted on by another, and he does act upon such representations, believing them to be true, when they are in fact false, the party making such false representations is rendered liable for the consequences thereof, regardless of the question of his knowledge of such falsity or of the intention to deceive.

This should be the rule upon proper pleading seeking recovery for false representa-

tions, with this addition, that the false representations should be of a material fact.

The plaintiff testifies that he drove the car about 9,000 miles in the 6½ months before he turned it back to the defendant. He alleges that, during the time he was so driving it, he was relying upon defendant's continued promises to fix it. This presents an issue of fact, and should have been submitted to the jury.

Again, where there are two remedies available to the complaining party, which are inconsistent, the selection of one remedy is a waiver of the other. Thrower v. Brownlee (Tex. Com. App.) 12 S.W.(2d) 184. The trial court should therefore require the plaintiff to so plead as to make selection of one of the remedies which are confusingly pleaded in his petition.

Another matter which we wish to call the trial court's attention to is that the plaintiff should so plead as to make clear whether he is relying upon the representations made prior to the sale or on the promises to repair the car. If he was relying upon the continued promises to repair the car, these promises would not establish fraud, but would only excuse plaintiff's delay if it did, in tendering the car to the defendant.

There is another matter which we wish to consider. The representations and warranties which the plaintiff alleges were made to him were merged in the written contract. The contract contains no such representations and warranties. It contains the provision: "No warranties have been made by the seller unless endorsed hereon." This provision stands uncontroverted. There is no pleading which sufficiently alleges that the contract was obtained by fraud and pleading the operation of such fraud as would set it aside. Advance-Rumely Thresher Co. v. Higgins (Tex. Civ. App.) 279 S.W. 531.

As to the allegation of fraud which induced the execution of the written contract and the necessity of proof thereon, see the same case just above cited.

It occurs to us that the issues submitted by the court were not such as to warrant a verdict under the pleadings and proof. In the first place, the petition is so uncertain in the statement of the remedies upon which plaintiff is seeking a recovery that the trial court was not authorized to submit any issue to the jury. Second, the issues submitted were not responsive to the pleadings and proof.

When the proper pleadings have been filed in this case, it is apparent, if the cause of action is one based upon fraudulent representations, the issues should be submitted to the jury for them to find whether or not the representations charged to have been made were made; whether or not, if made, they were false; whether or not they were made

with the intention that they should be acted upon by the plaintiff and that the plaintiff relied upon them. Upon another trial, such issues as are in harmony with the cause of action pleaded should be submitted.

The measure of damages to be applied in a case properly pleaded for fraudulent representations is the difference between the value of that which the plaintiff has parted with and the value of that which he has received. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.). 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, and authorities therein cited.

The appellant submits for our consideration forty-three propositions based upon fifty-seven assignments of error. Necessarily we are limited to the consideration of such errors as can be discussed within the limits of a reasonable opinion, as time and space will not permit more.

Having considered the most important of the questions in this appeal, and the other errors assigned not being likely to occur on another trial, we reverse the judgment of the trial court, and remand the case for the errors indicated.