MORRISS-BUICK COMPANY v. F. C. PONDROM.

No. 6999. Decided February 23, 1938.
(113 S. W., 2d Series, 889.)

*R. T. Bailey,* of Dallas, for plaintiff in error.

On the proposition that the salesman who sold the car to plaintiff did not know that. the car had been in a wreck and if he had known that fact he would not have tried to sell it, and that in dealing with the salesman, plaintiff was not dealing with a vice principal or officer of the defendant or one who might be termed as the alter ego. Bradshaw v. Buchanan, 50 Texas 492; Western C. P. & O. Co. v. Anderson, 97 Texas 432, 79 S. W. 516; Southland Greyhound Lines v. Ashby, 80 S. W. (2d) 445.

*Young, Blakley, Cooper & Armstrong,* of Dallas, for defendant in error.

MR. JUDGE MARTIN delivered the opinion of the Commission of Appeals, Section B.

A judgment based upon fraud in the sale of an automobile was entered by the trial court for both actual and exemplary damages against plaintiff in error and was affirmed by the Court of Civil Appeals. Morriss-Buick Co. v. Pondrom, 84 S. W. (2d) 272. The proper measure of damages is the controlling question presented here. We copy from the opinion of the above court sufficient facts to illustrate the point:

"On October 2, 1929, appellee purchased from appellant a Buick automobile, being a sedan of the 1929-47 model, for the alleged purchase price of $1,382, but, as shown by the bill of lading issued at the time, for the actual purchase price of $1,389.85. The consideration, as shown by the same instrument, was cash $7.85 and appellee's used Buick sedan of the 1926-47 model at the agreed value of $450, and a note for $932, maturing November 2, 1929. This note was paid soon after its maturity. * * *

"The item of $682 for actual damages, fixed by the court in the judgment, was arrived at by the court, by applying the same measure of damages as was applied in the case of Morriss-Buick Co. v. Huss, supra; that is, from the purchase price of the car was deducted the sum found by the jury to have been the reasonable cash value of the car appellee purchased, on the date of the purchase, plus the down payment, which is shown to have been $7.85 cash, and plus the $450 allowance on the used car."

Briefly, the contention of Morriss-Buick Company is, that the correct measure of damages was the difference, if any, between the value of what Pondrom parted with and what he received. The trial court assumed that Pondrom's secondhand automobile given in part exchange for the alleged new car, was worth the value placed upon it in the trade by the parties, and used such value as a basis for the judgment, without submitting same as an issue to the jury.

1 The question has been the subject of much contrariety of opinion, both in and out of Texas. See 27 C. J., pp. 96, 97, 98, 99, and footnotes. The rule in Texas is stated in 27 C. J., p. 98, as follows:

"In Texas it has been held by the Supreme Court that, where one is induced by fraud to enter into a contract to his loss, the measure of his damages is the difference between the value of what he parted with and what he received under the contract, such difference being regarded as the only actual loss involved and the difference between the real and represented value being regarded as too speculative to furnish a correct measure of damages."

This is the familiar rule announced by Judge GAINES in George v. Hesse, 100 Texas 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. It is here claimed that because the parties agreed upon the value of Pondrom's automobile, the rule does not apply. We think the facts are not essentially different from those found in a multitude of similar cases where the George-Hesse rule has been applied. In almost every case where different properties go into the consideration for the purchase of other property, the parties place a value upon each individual piece, so that the aggregate will equal the value placed upon that received. This obviously, we think, is its trading value, not its actual market value. Where, as in this case, notes are given, the amount of same could not be ascertained without first fixing a value upon the other personal property going to make up the entire consideration. Such

value ought not to be held conclusive, under the particular facts of this record. Such a conclusion does not comport with what is common knowledge that automobiles are exchanged, not upon the respective actual market values of the two, but upon values arrived at after a verbal joust between a trained auto salesman and a beleaguered customer, each endeavoring to obtain the highest possible price for his car. After all there is nothing mysterious about a proper measure of damages, except the mystifying cases on the subject. The end desired is actual compensation for the injury—not profit. The true measure in every case of this kind is that rule which gives to the complaining party the actual amount of his loss resulting directly and proximately from the fraud practiced upon him. The rule announced above would do this unquestionably. That followed by the trial court might result in recovery of fictitious values.

However that may be, we are faced in this case, not with the necessity of announcing any new rule, but with the duty of following an old one. The George-Hesse rule, supra, has been followed in a host of cases whose controlling facts do not differ materially from those under consideration. The exact point raised here was not often noticed, but the facts were such as to require the announcement of a correct rule, in cases of this character. We cite a few of these: Moore v. Beakley, 215 S. W. 957 (Tex. Com. App.) ; Foster v. Atlir, 215 S. W. 955 (Tex. Com. App.) ; Cox v. Barton, 212 S. W. 652 (Tex. Com. App.) ; B. & H. Motor Company v. Tucker, 299 S. W. 949; Baden v. Deragowski, 7 S. W. (2d) 123; Bennett & Post v. Henderson, 280 S. W. 622; Bradley v. Fagala, 25 S. W. (2d) 255; Medley v. Lamb, 223 S. W. 1048; Montgomery v. McCaskill, 189 S. W. 797; Robt. & St. John Motor Co. v. Bumpass, 65 S. W. (2d) 399; Stafford et al. v. Drewry et al., 32 S. W. (2d) 255; Texarkana Motor Co. v. Brashears, 37 S. W. (2d) 773.

We go no further in this case than to apply the George-Hesse rule to the particular record before us. There might exist a state of facts, where it would be proper to assume the agreed value to be the actual cash market value.

The trial court submitted the issue of exemplary damages in the following language:

"What amount of exemplary damages, if any, do you find from a preponderance of the evidence plaintiff is entitled to against the defendant?

"In connection with Special Issue No. 7 you are instructed that by exemplary damages is meant a sum which may be allowed by you in your discretion, in addition to actual damages,

if any, because of the wilful concealment by defendant from plaintiff of the fact that said car had previously been wrecked, if you have so found in answer to Issue No. 1, which sum in any event not to exceed the amount sued for by plaintiff as attorney's fees to-wit: $400.00."

2   This charge was erroneous in the following particulars:

1. Its effect was to authorize a recovery of attorney's fees as actual damages, under the guise of exemplary damages. Security State Bank v. Spinnler, 78 S. W. (2d) 275 (writ refused).

2. Since the jury in its discretion was to assess punitive damages from the entire record before it, a pointed reference to attorney's fees was a charge on the weight of the evidence. This is too plain to require citation of authority or discussion.

3. Without holding the reference to the maximum amount recoverable to be reversibly erroneous, our opinion is that same was technical error for the reasons pointed out in Southland Greyhound Lines, Inc., v. Ashby, 80 S. W. (2d) 445.

3   The custom of selling wrecked as new cars was largely relied on to prove a case for the recovery of exemplary damages. Such custom may not be proved by isolated unrelated acts of misconduct. In no event are they admissible unless proven to be those of the corporation as distinguished from mere acts of its agents or servants. Ft. Worth Elevators Co. v. Russell, 123 Texas 128, 70 S. W. (2d) 397.

In view of another trial we pretermit further discussion of exemplary damages.

The judgment of the trial court and that of the Court of Civil Appeals are reversed and cause remanded.

Opinion adopted by the Supreme Court February 23, 1938.