Robert & St. John Motor Co. v. Bumpass, Tex.Civ.App., 65 S.W.2d 399; Stafford et al. v. Drewry et al., Tex.Civ.App., 32 S.W.2d 255; Texarkana Motor Co. v. Brashears, Tex.Civ.App., 37 S.W.2d 773.

 We go no further in this case than to apply the George-Hesse rule to the particular record before us. There might exist a state of facts, where it would be proper to assume the agreed value to be the actual cash market value.

The trial court submitted the issue of exemplary damages in the following language:

"What amount of exemplary damages, if any, do you find from a preponderance of the evidence plaintiff is entitled to against the defendant?

"In connection with Special Issue No. 7 you are instructed that by exemplary damages is meant a sum which may be allowed by you in your discretion, in addition to actual damages, if any, because of the wilful concealment by defendant from plaintiff of the fact that said car had previously been wrecked, if you have so found in answer to Issue No. 1, which sum in any event not to exceed the amount sued for by plaintiff as attorney's fees to-wit: $400.00."

 This charge was erroneous in the following particulars:

1. Its effect was to authorize a recovery of attorney's fees as actual damages, under the guise of exemplary damages. Security State Bank v. Spinnler, Tex.Civ.App., 78 S.W.2d 275, writ refused.

 2. Since the jury in its discretion was to assess punitive damages from the entire record before it, a pointed reference to attorney's fees was a charge on the weight of the evidence. This is too plain to require citation of authority or discussion.

 3. Without holding the reference to the maximum amount recoverable to be reversibly erroneous, our opinion is that same was technical error for the reasons pointed out in Southland Greyhound Lines Inc. v. Ashby, Tex.Civ.App., 80 S.W.2d 445.

 The custom of selling wrecked as new cars was largely relied on to prove a case for the recovery of exemplary damages. Such custom may not be proved by isolated unrelated acts of misconduct. In no event are they admissible unless proven to be those of the corporation as distinguished from mere acts of its agents or servants. Fort Worth Elevators Co. v. Russell, 123 Tex. 128, 70 S.W.2d 397.

In view of another trial, we pretermit further discussion of exemplary damages.

The judgments of the trial court and that of the Court of Civil Appeals are reversed and cause remanded.

Opinion adopted by the Supreme Court.

**MORRISS–BUICK COMPANY, Plaintiff in Error, v. H. H. HUSS, Defendant in Error.**

**No. 1720—6998.**

Commission of Appeals of Texas, Section B.

Feb. 23, 1938.

R. T. Bailey, of Dallas, for plaintiff in error.

Young, Blakley, Cooper & Armstrong, Haskell H. Cooper, Hoyet A. Armstrong, and Joe Utay, all of Dallas, for defendant in error.

MARTIN, Commissioner.

This is a companion case to that of Morriss-Buick Co. v. Pondrom, Tex.Com. App., 113 S.W.2d 889. The law questions, with one exception, are identical in the two cases.

Judgments of the trial court and Court of Civil Appeals are reversed and cause remanded.

Opinion adopted by the Supreme Court.