## COX v. COX.

No. 2241.

Court of Civil Appeals of Texas. Waco.

Oct. 3, 1940.

Rehearing Denied Oct. 24, 1940.

Solon Goode, of Dallas, for appellant.

H. B. Thomas, Jr., of Dallas, and Lynn B. Griffith, of Waxahachie, for appellee.

ALEXANDER, Justice.

This suit was brought by Mrs. Effie Cox against A. E. Cox for damages for alleged fraud in the sale of certain bank stock. The plaintiff was a widow and a niece by marriage of the defendant. She contended, in effect, that after the death of her husband she entrusted the management of all of her business to the defendant and that a fiduciary relation existed between them; that about the year 1934 the defendant sold to her the bank stock in question but kept the same in his possession for her use and benefit; that later, in March, 1936, when she needed money, she sold the stock back to him; that she relied on him to pay its value but that he, in fact, paid her much less than its true value. The defendant denied the fiduciary relation relied on by plaintiff and alleged that at the time he sold her the stock, it was with the mutual understanding that if she should later desire to dispose of the same, she would let him have it and he would repay to her the purchase price thereof, regardless of the

actual value of the stock. He alleged that in keeping with this agreement he repaid to her the full purchase price of said stock in return therefor. The jury, in answer to certain special issues, found that the defendant did not manage plaintiff's business for her; that plaintiff did not rely on the defendant's judgment when she resold to him the bank stock in question; that at the time defendant originally sold plaintiff the bank stock it was with the understanding between them that "whenever she wanted the money paid by her for said stock, that upon demand from her, he would pay her all of the money she had originally paid for said stock;" that at the time the plaintiff resold the stock to the defendant neither of them knew the value thereof, and that the plaintiff did not exercise reasonable diligence to ascertain the value thereof. The jury further found that by the exercise of reasonable diligence the plaintiff could have ascertained the value of said stock, after the sale thereof and more than two years prior to the filing of this suit. Judgment was for defendant and the plaintiff has appealed.

■ We think the evidence was sufficient to sustain the verdict of the jury. The plaintiff and the defendant originally resided at Ferris, Texas, and for a time defendant seems to have advised with her in the management of her business. The defendant was corroborated in his testimony to the effect that at the time he sold plaintiff the bank stock in question it was with the understanding that if she should later desire to dispose of the same he would take it and pay her therefor the amount for which he had previously sold it to her. The record discloses that after defendant sold plaintiff the stock she moved to Dallas and engaged in the real estate business. About two years later, she contracted for the purchase of a house and needed the funds invested in the bank stock in order to pay for the same. She went back to Ferris with a friend and told the defendant that she wanted to sell the bank stock and that thereupon he gave her a check for the original purchase price thereof, plus the dividends that had been collected on the stock. According to defendant's testimony, he repurchased the stock in keeping with his prior agreement. There are further circumstances in the evidence tending to show that before she left Dallas for Ferris on the occasion in question and before she had discussed the matter with the defendant, plaintiff knew the amount of money that she was to receive for the stock and had already arranged for the payment thereof to the party from whom she was purchasing the house. These circumstances tend to show that she recognized the existence of the agreement here relied on by the defendant, and that she resold the stock to the defendant in keeping therewith. There is no evidence whatever that the defendant knew anything about the value of the stock at the time he repurchased the same, nor was there any evidence that he made any representations to the plaintiff as to the value thereof.

■ The appellant contends that the original contract, if any, by which the defendant was to take the stock back at the original purchase price, in the event the plaintiff should decide to dispose of the same, lacked mutuality and was therefore unenforceable because she was not definitely bound to resell the stock to him at any time. There are authorities which tend to hold that such a contract is valid. Hatt v. Walker, Tex.Civ.App., 33 S.W.2d 489; Fenner, Beane & Ungerleider v. Donosky, Tex.Civ.App., 62 S.W.2d 269; Thomas v. Western Indemnity Co., 112 Tex. 132, 246 S.W. 345. See, also, Marsh v. Brown-Crummer Inv. Co., 138 Kan. 123, 23 P.2d 465, 88 A.L.R. 842. At any rate, the validity of such an agreement could hardly be attacked after its performance by both parties. 10 Tex.Jur. 171.

■■ Moreover, the correctness of the judgment here appealed from is not dependent on the validity of the agreement above referred to. If, as found by the jury and sustained by the evidence, there was no trust relation existing between the parties and no false representations on the part of the defendant and no reliance on such a representation by the plaintiff, then there was no fraud for which recovery could be had. 20 Tex.Jur. 11, 17. Furthermore, if, as found by the jury, the plaintiff could, by the exercise of reasonable diligence, have discovered the fraud, if any, more than two years prior to the filing of this suit, then her cause of action, if any, was barred by limitation. R.S. art. 5526, subdiv. 4; 28 Tex.Jur. 124.

The judgment of the trial court is affirmed.