### PEEL v. GROGAN–COCHRAN LUMBER CO.

No. 4346.

Court of Civil Appeals of Texas. Beaumont.

Feb. 14, 1946.

E. E. Fischer, of Houston, and O. Etheridge, of Conroe, for appellant.

Pitts & Liles and Paul G. Grogan, all of Conroe, for appellee.

COE, Chief Justice.

This suit was filed by appellant, Lester A. Peel, Jr., as plaintiff in the court below against appellee, Grogan-Cochran Lumber Company, the defendant in the trial court, for damages for fraud in the purchase from him of his interest in the pine and hardwood timber on about 4,000 acres of land in Montgomery County, Tex., belonging to plaintiff and his older brother in equal shares and being an undivided interest. Plaintiff alleging that on or about the 22nd of February, 1941, purchaser, Grogan-Cochran Lumber Company, in order to drive a bargain with plaintiff, represented to him that he had bought a like interest in the timber from the plaintiff's brother, T. J. Peel, for the same price it was offering plaintiff, namely, $7,500 for the pine' timber and later $1,000 for the hardwood timber; that plaintiff advised defendant that plaintiff did not wish to sell for less than his brother had sold for; up-

on such representations, plaintiff sold his interest in the timber for such price, believing in good faith that such representations on the part of the defendant and its agent were true. About September, 1944, plaintiff discovered through some inquiry from the United States Treasury Department, Income Tax Division, that defendant had in fact paid T. J. Peel the sum of $15,900 for a like interest in said timber, that plaintiff made demand on defendant to pay him the additional amount theretofore promised, which is the difference of what he received and that he should have received, namely, $7,400. The defendant answered by general denial, ratification and estoppel, and further the statute of limitations of two and four years. At the conclusion of appellant's testimony, appellee filed a motion with the trial court praying for an instructed verdict on the ground, among others, that it appeared from the uncontradicted testimony that the representation made, if any, by the agent of appellee constituted a promise to perform some act in the future and therefore would not constitute fraud in legal acceptance, that the proper measure of damages were neither plead nor proven; that the alleged representations made by appellee's agent occurred prior to the execution and delivery of the deed in question and the payment of the consideration. Therefore such alleged representations would be in violation of the statute of fraud in that parol statements and declarations made prior to the execution and delivery of a written contract would not be admissible for any purpose in that it is not proper proof; and that it affirmatively appeared from the uncontradicted testimony that all of the consideration ever offered or promised to the plaintiff was paid at the time of the execution and delivery of the deed; that the court under no theory of the law would be justified in submitting to the jury any issue of damages under the pleadings and proof in this case; that it is neither alleged nor proven that appellee's agent, at the time of the making of the promise, had no intention of performing it. This motion was granted by the court and the jury was instructed to return a verdict for the defendant and against the plaintiff, and a verdict was returned by the jury in accordance with such instructions and judgment entered thereon to the effect that plaintiff take nothing by his suit, and that the defendant go hence without day and recover of plaintiff its

costs. From this judgment the appellant has perfected his appeal to this court.

While appellant presents two points upon which he predicates this appeal, each of them complain of the action of. the trial court in sustaining appellee's motion for an instructed verdict. Appellee presents three counter points in which it contends that the action of the trial court in granting its motion for an instructed verdict was correct for the reason that the appellant's cause of action, if any he had, was barred by the statute of limitation relating to actions based on fraud; that the appellant neither plead nor proved the proper measure of damages, if any, sustained by him and that he neither plead nor proved the reasonable·market value of the timber sold by him at the time of the sale, nor did he attempt to plead or prove that he was induced to accept an inadequate price, and that the failure of the Grogan-Cochran Lumber Company to consummate the deal with T. J. Peel for a like sum as that paid to appellant will not amount to a legal fraud in that such a promise, if made, was a promise to do something in the future.

There were only two witnesses who testified in the case, they being appellant, Lester A. Peel, Jr., and his wife, Mrs. Lester A. Peel, Jr. In substance the appellant testified that Mr. Henry N. Grogan, who was admitted to be the agent of appellee, came to his house and offered him $7,500 for the pine timber conveyed by him to appellee; that the said Grogan told him he had made a deal with T. J. Peel (appellant's older brother) and that he was offering plaintiff the same amount that he had traded with T. J. Peel for, who owned an equal interest in the timber; that Mr. Grogan assured him that this was the price that T. J. Peel got for his interest. As to the trade for the hardwood timber, his testimony is, on a later date that Mr. Grogan offered him $1,000, the same paid to T. J. Peel. Mrs. Peel, wife of appellant, in substance testified that Mr. Grogan told her husband that he had already made a deal with T. J. Peel and his mother, Mrs. L. A. Peel, Sr., and that he told her husband that he was holding up the deal and persuaded him to sell at the same price that he, Grogan, had traded with T. J. Peel for, and that he assured her husband that the price offered was the same as he had traded with T. J. Peel for and that each would receive $7,500 for the pine timber; that he offered to give her hus-

band a letter to that effect but that her husband remarked, "Mr. Henry, if you tell me that I believe you." On cross examination, Mrs. Peel testified that her husband had been hunting bidders for his timber and that they had talked with Mr. Hunt, of the J. S. Hunt Lumber Company, as well as with Mr. Grogan, and that both of these sawmill companies estimated the timber and furnished figures; that her husband and his mother had decided to sell the timber and they wanted an estimate and they wanted the highest bidder; that she believed Mr. Grogan went to Mrs. Peel's house and gave his estimate in. The appellant testified on cross examination that Mr. Hunt offered $4,000 or $5,000 for his timber. He also testified that Mr. Hunt stated that he would meet any offer made by appellee. Appellant further testified on cross examination that he thought the first trade made with reference to the timber was when he executed a deed conveying his interest in the timber involved and at the time he executed same he understood the appellee had a verbal trade with his brother, T. J. Peel, for the purchase of his interest in the timber. Appellant offered in evidence admissions made by appellee in response to request made by him, which, we feel, is subject to the construction that appellee had paid T. J. Peel the total sum of $15,900 for his interest in the pine and hardwood timber in question and had paid appellant for a like interest a sum of $8,500. However, appellee's admission No. 13, in response to appellant's request for an admission that appellee had paid T. J. Peel approximately the sum of $15,900 for his interest in the pine and hardwood timber, admitted that it did pay T. J. Peel $15,900 for his undivided interest in the lands mentioned. It thus appears that there is some doubt in the admissions as to whether appellee admitted it paid T. J. Peel $15,900 for the timber alone or whether it was paid for both the land and timber. However, when we construe the admissions as a whole we are of the opinion that appellee admitted that said sum was paid for the timber only. There is nothing to indicate what amount was paid for either the pine or hardwood timber.

 As we view the record in this case, it is unnecessary to discuss the several reasons advanced in support of appellee's motion for an instructed verdict. We are convinced that if the evidence be

sufficient to raise the issue of fraud relied on by appellant (a question we do not decide) that appellant's testimony fails to establish any injury suffered by him as a result thereof. The record is silent as to the actual or reasonable market value of the timber conveyed. Whether it was of a value of more or less than the consideration paid for it it is silent. The measure of damages for fraud in real estate transactions is controlled by Article 4004, Vernon's Civil Statutes, which among other things provides that all persons guilty of such frauds shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented, or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract. See also Rahl v. Compton, Tex.Civ. App., 112 S.W.2d 509. In order for appellant to have been entitled to recover any damages, granting that the appellee had been guilty of fraud in procuring the timber deed in question for the purchase price paid, it was incumbent upon him to establish by competent evidence that he had been thereby induced to sell his property for a consideration less than its actual or reasonable market value. The timber deeds referred to from T. J. Peel and Lester A. Peel to appellee are not in the statement of facts, nor was the deeds from T. J. Peel to appellee in any way offered in evidence. Therefore, we are in the dark, as was the trial court, as to whether such deeds contained the same contractual obligations with reference to the time the timber must be cut and removed (which provision in a timber deed is of great importance), whether the same character of timber with reference to size was conveyed in each of said deeds, or whether the size of such timber conveyed was governed by the date of the deed or the date of the cutting, all or either of which could materially affect the sales price. For that reason, if for no other, the consideration paid to T. J. Peel for his interest in the timber would not be sufficient to fix the actual or reasonable market value of the timber conveyed by the appellant.

This being the nearest approach made in the evidence to establish either the actual or reasonable market value of the timber conveyed by appellant, and this being wholly insufficient for that purpose, we are of the opinion that the appellant has wholly failed to establish that he suffered any injury or damages by reason of being induced to accept the sum of $7,500 for his pine timber and $1,000 for his hardwood. Having thus failed to establish that he had suffered any actual damages because of the conduct of appellee as complained of, the trial court had no alternative other than to grant appellee's motion for an instructed verdict. Being of that opinion, the judgment of the trial court is affirmed.