## SHEPPARD v. SWEATT.
### No. 2808.

Court of Civil Appeals of Texas. Waco.
Sept. 23, 1948.

Tyson, Dawson & Dawson, of Corsicana, for appellant.

Shead & McGaw, of Longview, for appellee.

LESTER, Chief Justice.

Appellee sued for the cancellation of a deed that he and his wife executed to L. C. Tramel, and in the alternative, sought damages against Joe Sheppard, his agent, and Tramel, jointly and severally, in the sum of $1115.28.

As a basis for the cancellation of the deed appellee alleged that his agent, Sheppard, made certain false and fraudulent representations to him, in that Sheppard represented to him that he was to receive $1200 in cash for his equity in the land and that Tramel was to assume or take the land subject to an indebtedness of $640, which amount was the balance due the Federal Farm Mortgage Corporation at Houston on a note that he had previously executed; that he believed and relied upon the representations of his agent and was thereby induced to execute the deed, and as a result thereof he was damaged in the loss of his land for an inadequate consideration. He also alleged that after he and his wife executed and delivered the deed to Sheppard, that the said Sheppard and Tramel conspired together to secure the land for an inadequate consideration and altered the deed by inserting in the same, without his knowledge or consent, the following recitation: "$559.93 cash in hand paid, and subject to a balance of $640.07 due on a vendor's lien note (the original note being $900.00) dated October 29th, 1938, payable to the order of the Federal Farm Mortgage Corporation at Houston, Texas." He further alleged that the reasonable market value of the land in question on the date of the execution of the deed was $30 per acre, which was well known to the defendants, and each of them, but by conspiring together in the alteration of said deed, as above set out, the defendant Tramel secured the title to said land for the value of $20 per acre, and that Sheppard represented to appellee that the land was of the reasonable market value of $30 per acre, in that he agreed that he would secure and obtain a purchaser for said land for a consideration of $1200 cash to be paid and the assumption of the above mentioned note.

In respect to his alternative plea appellee pleaded: "This plaintiff says that if this court finds and holds that said deed is not void and of no force and effect, and cannot or should not be cancelled, then he prays in the alternative that because of the false and fraudulent representations of the defendants, and each of them, conspiring together, and the defendants fraud by making the false representations hereinbefore set out, then he prays that he recover damages against the defendants, and each of them jointly and severally in the sum

of $1115.28." His prayer was as follows: "Wherefore, plaintiff prays that the defendants having appeared and answered herein that on a hearing hereof the warranty deed executed by the plaintiff herein to the defendant L. C. Tramel be cancelled and held for naught and have no force and effect, and adjudged to be void and have no force and effect, and defendants be commanded to reconvey said land and premises to the plaintiff, and plaintiff offering to do such equity as the court may decree hereby tenders to the defendants a check in the sum of $475.21 and the sum of $724.79, or in the alternative plaintiff prays that if said deed be not adjudged void and of no force and effect and the defendants accept the return of the sum of $475.21, then plaintiff prays that he recover damages against the defendants and each of them jointly and severally in the sum of $1115.28 and plaintiff prays that he recover exemplary damages against defendant Joe Sheppard in such amount as may be assessed by the jury and be allowed by this court, not to exceed the actual damages herein submitted $1115.28, for costs of suit and for such other and further relief special and general in law and equity, and will ever pray."

After the introduction of the evidence the court gave an instructed verdict for Tramel on his plea that he was an innocent purchaser for value without notice of the alleged fraud. As between the appellee and Sheppard the court submitted three issues, to which the jury found: (1) That Sheppard made the alleged misrepresentations; (2) that appellee relied upon them; and (3) that appellee would not have executed the deed had the representations not been made. Appellant and appellee each filed a motion for judgment non obstante veredicto. After hearing said motions the court granted appellee's motion and entered judgment in his favor in the sum of $1115.28.

Sheppard has perfected his appeal, contending, first, that the court erred in overruling his motion for judgment non obstante veredicto on the ground that appellee failed to prove any recoverable damages, in that he failed to establish the reasonable market value of the land conveyed as of the date of said conveyance.

The record before us wholly fails to reveal any evidence as to the reasonable market value of the land in question. This being a suit involving a transaction in real estate and based upon tort, it is controlled by Article 4004 of Vernon's Tex.Civ.Stats., which is as follows:

"Actionable fraud in this State with regard to transactions in real estate or in stock in corporations or joint stock companies shall consist of either a false representation of a past or existing material fact, or false promise to do some act in the future which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract. Whenever a promise thus made has not been complied with by the party making it within a reasonable time, it shall be presumed that it was falsely and fraudulently made, and the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy or by some equitable reason. All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract. All persons making the false representations or promises and all persons deriving the benefit of said fraud, shall be jointly and severally liable in actual damages, and in addition thereto, all persons wilfully making such false representations or promises or knowingly taking the advantage of said fraud shall be liable in exemplary damages to the person defrauded in such amount as shall be assessed by the jury, not to exceed double the amount of the actual damages suffered."

See also: Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889; Peel v. Grogan-Cochran Lbr. Co., Tex.Civ.App., 193 S.W.2d 557; Booth v. Coward, Tex. Com.App., 265 S.W. 1026; McCrea v. Spruill, Tex.Civ.App., 248 S.W. 114; Parker v. Solis, Tex.Civ.App., 277 S.W. 714;

Sanders v. Hickman, Tex.Civ.App., 235 S. W. 278; Cox v. Cox, Tex.Civ.App., 143 S. W.2d 807, 809; Ivey v. Neyland, Tex.Com. App., 25 S.W.2d 313; George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann.Cas. 456.

The measure of damages in this case is the difference in the value of what appellee was caused to part with as a result of the alleged fraud and the value of what he received, not to exceed, however, the amount that Sheppard represented to him that he was to receive for his land, so it was incumbent upon him to prove that his land was of greater value than the amount of money, if any, he received for it. Because of the failure on the part of the appellee to prove the reasonable market value of the land, there was no basis for the court to render judgment in his favor, and the cause must therefore be reversed and remanded for another trial.

The other points raised by appellant are not discussed since they are not likely to arise on another trial.

The judgment of the trial court is reversed and the cause remanded for another trial.