**STUART et al. v. BIRDWELL.**

No. 2994.

Court of Civil Appeals of Texas. Eastland.

Jan. 22, 1954.

---

2. As noted above this ledge was flush with the bottom of the pool as viewed from where appellant stood.

Turner & Seaberry, Eastland, for appellants.

Gross & Fitts, Mineral Wells, for appellee.

GRISSOM, Chief Justice.

Burton Stuart sued Emry Birdwell for the unpaid balance of the purchase price of cattle sold by Bean Robinson to Birdwell, which, Stuart alleged, had been assigned to him. Birdwell made Robinson a party and sued Stuart and Robinson, alleging they were partners in the sale of the cattle, for damages. A jury answered all issues in favor of Birdwell but the court rendered judgment notwithstanding a finding that Robinson and Stuart were partners. The jury found the difference between the value of the cattle delivered and their value if they had been as represented was $7,946.94. Judgment was rendered for Birdwell against Robinson for that amount less $1,756.20, the unpaid balance of the purchase price and denied recovery by Stuart. Birdwell assigns as error the action of the court in disregarding the finding of partnership. See Texas Rules of Civil Procedure, rule 324.

Birdwell sued Robinson and Stuart for only $3,228.13, therefore, the judgment against Robinson for $6,190.67 was not sustained by the pleadings and should have been reduced to the amount sued for. Wilkins v. Burns, Tex.Civ.App., 25 S.W. 431, 432 (W.R.).

Stuart alleged a written transfer to him by Robinson of the unpaid balance of the purchase price of the cattle, to wit: $1,756.20. If Birdwell is going to enforce the contract he must pay for the cattle. Birdwell filed an admission of Stuart's cause of action except as it might be defeated by his answer. Since the court held that, as a matter of law, Stuart was not Robinson's partner, there was no defense to Stuart's cause of action recognized by the trial court. Therefore, judgment should have been rendered for Stuart against Birdwell for $1,756.20, unless, as appellee contends, there was evidence from which the jury properly found that Stuart and Robinson were partners. 41 Tex.Jur. 759. We think the evidence introduced was insufficient to sustain the jury finding of partnership. See Strawn Nat. Bank v. Marchbanks Tex.Civ.App., 74 S.W.2d 447, 449 (W.R.); Gardner v. Wesner, Tex.Civ.App., 55 S.W. 2d 1104, 1106 (W.R.)

The suit for damages was submitted to the jury on the theory that the applicable measure of damages was the difference between the value of the cattle delivered and their value had they been as represented. The judgment for Birdwell is based on such findings. Birdwell here urges that since, by enactment of Article 4004, such is made the measure of damages in land and certain stock transactions, the reason for the statutory rule applying with equal force to personal property, we should declare the measure of damages established by the statute to be applicable in this case. We think the contrariety of opinion on this question was finally settled against Birdwell's contention by the decision of our Supreme Court in Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 100, 113 S.W.2d 889, 890. That court has definitely decided that the measure of dam-

ages applicable under the circumstances of this case is the difference between the value of what Birdwell parted with and what he received. Ivey v. Neyland, Tex.Com.App., 25 S.W.2d 313, 315; Robert & St. John Motor Co. v. Bumpass, Tex.Civ.App., 65 S.W.2d .399, 401 (Writ Dis.); Selman v. Shirley, 161 Or. 582, 85 P.2d 384, 124 A.L. R. 37; Meadolake Foods, Inc. v. Estes, Tex.Civ.App., 218 S.W.2d 862; RNRE, Tex.Sup., 219 S.W.2d 441.

We hold that it was not conclusively provided either that Robinson's written contracts with the sellers of the cattle was Birdwell's contract or that Birdwell waived his claim for damages.

The judgment being incorrect, the case being tried on the wrong theory and not having been fully developed, after careful consideration, we have concluded that the judgment should be reversed in its entirety and the cause remanded.

Reversed and remanded.