**MASSEY–FERGUSON, INC., Appellant,**

v.

**Carl EASTERWOOD, Appellee.**

No. 7195.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 19, 1962.

Rehearing Denied Jan. 7, 1963.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellant.

Moran & Miller, Dimmitt, for appellee.

NORTHCUTT, Justice.

In January of 1954, Lesly-Vaughn Motor Co., sold appellee, Carl Easterwood, five new diesel tractors for a total sales price of $25,308.00. Appellee traded in some used tractors for which he received an allowance of $9,841.80. Interest was figured into the balance owed, and on January 26, 1954, appellee gave a chattel mortgage and note for $17,055.14, representing the balance owed on the tractor trade. The note was made payable to Lesly-Vaughn Motor Co., one of appellant's dealers at Hereford, Texas, and, on the same day, shows to have been assigned to appellant.

Over a period of years appellee made some payments on the note. Appellant filed this suit seeking recovery of the balance of principal and interest owed on the note, which was claimed to be $12,487.42, plus attorneys' fees, and filed a writ of sequestration for the tractors. The tractors were replevied by appellee, and that part of the lawsuit has apparently been abandoned by the parties. Appellee, in his third amended original answer and cross action, and as a basis for claiming he should not pay the note, pleaded numerous acts of fraud on the part of appellant's employees as an inducement to his signing the note and chat-

tel mortgage of January, 1954. Trial was to a jury, which, in response to the issues which were submitted to it by the trial court, returned a verdict in favor of the appellee and against the appellant. Based upon the jury's verdict (which is incorporated into the judgment), the trial court entered a take nothing judgment against the appellant, and adjudged that the note and chattel mortgage be cancelled. Motion for new trial was timely filed and in due course overruled by the trial court. From that take nothing judgment appellant has perfected this appeal.

■ Appellant presents this appeal upon five points of error. By its first point appellant complains of the action of the court in overruling appellant's objections to the comment during jury argument by appellee's attorney concerning the failure of appellant to call Luther Lesly as a witness for the reason that Lesly was as much subject to call by appellee as by appellant. Lesly was one of the parties making the sale of the tractors to appellee and was present when the sale was consummated and was in position to testify as to the representations made by him and others at that time. We believe the attorney was within his rights in making such argument. Tex-Jersey Oil Corporation et al. v. Beck et al., 157 Tex. 541, 305 S.W.2d 162, 68 A.L.R.2d 1062 (Sup.Ct.).

Appellant's second point is as follows:

"The trial court erred in entering a take nothing judgment for the appellee because no issues were submitted or findings made which would support the proper measure of damages in a fraud case, which is the difference in value between what appellee parted with and what he received. No issue was submitted to the jury concerning the value of what appellee parted with, and, accordingly, there is no basis in the record in this case upon which the proper measure of damages could be computed so as to support the take nothing judgment which was entered."

■ The appellee sought to keep the tractors and recover his damages, since he did not seek a recision and tender back the tractors, and as shown here by the appellant and undisputed by the appellee, the appellee has the tractors free of all liens. The appellee has had and used the tractors for several years and has never tendered them back to appellant. If the appellee was induced by fraud to enter into the contract to purchase the tractors herein contended, the measure of his damages would be the difference between the value of what he parted with and what he received under the contract. Morriss-Buick Co. v. Pondrom, 131 Tex. 98, 113 S.W.2d 889. No issue was submitted to the jury as to what was the value of the tractors the appellee traded in as a part of the original consideration for the purchase of the tractors herein involved. Appellee did not seek a recision of the contract and sue for the recovery of the value of the tractors he had delivered as a part of the purchase price of the tractors here involved. The effect of the holding of this case in denying appellant any recovery and cancelling the note and mortgage would be that appellee was damaged the amount of the balance due on the note and there is nothing in this record to justify such a holding.

In the case of Morriss-Buick Co. v. Pondrom, Tex.Civ.App., 84 S.W.2d 272 the trial court had assumed that the secondhand automobile given in part exchange for the alleged new car was worth the value placed upon it in the trade by the parties and used such value as a basis for the judgment without submitting same as an issue to the jury. In reversing the Pondrom case the Supreme Court at 113 S.W.2d 889 at 890 stated as follows:

"Briefly, the contention of Morriss-Buick Company is, that the correct measure of damages was the difference, if any, between the value of what Pondrom parted with and what he received. The trial court assumed that Pondrom's secondhand automobile given in part exchange for the alleged new car was

worth the value placed upon it in the trade by the parties, and used such value as a basis for the judgment, without submitting same as an issue to the jury.

"The question has been the subject of much contrariety of opinion, both in and out of Texas. See 27 C.J. pp. 96, 97, 98, 99, and footnotes. The rule in Texas is stated in 27 C.J. p. 98 as follows: 'In Texas it has been held by the supreme court that, where one is induced by fraud to enter into a contract to his loss, the measure of his damages is the difference between the value of what he parted with and what he received under the contract, such difference being regarded as the only actual loss involved and the difference between the real and represented value being regarded as too speculative to furnish a correct measure of damages.'

"This is the familiar rule announced by Judge Gaines in George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A.,N.S., 804, 123 Am.St.Rep. 772, 15 Ann.Cas. 456. It is here claimed that because the parties agreed upon the value of Pondrom's automobile, the rule does not apply. We think the facts are not essentially different from those found in a multitude of similar cases where the George-Hesse rule has been applied. In almost every case where different properties go into the consideration for the purchase of other property, the parties place a value upon each individual piece, so that the aggregate will equal the value placed upon that received. This obviously, we think, is its trading value, not its actual market value."

In the case of Dallas Farm Machinery Company v. Reaves, 158 Tex. 1, 307 S.W.2d 233 the Supreme Court in discussing the Pondrom case, shows the difference required in a case as here involved and one where the party defrauded sought a recision of the contract. We sustain appel-

lant's second point of error and reverse the case.

Appellant's remaining points of error concern the manner of the submission of special issues as to the market value because the issues did not state the locality nor time. The court in the charge instructed the jury that the market value as used in the charge was the price of the tractors asked about would have brought in cash in January of 1954 in Castro County, Texas. That was the date and place the contract of sale was entered into here in question. We think this instruction would relieve the court of again inserting that part in each issue. The judgment of the trial court is reversed and remanded.