GARNOR–EVANS & COMPANY et al.,
Appellants,

v.

Eula WEBBER et vir, Appellees.

No. 13994.

Court of Civil Appeals of Texas.

Houston.

Dec. 6, 1962.

Rehearing Denied Jan. 10, 1963.

Fulbright, Crooker, Freeman, Bates & Jaworski, J. S. Covington, Jr., Houston, for appellants.

Fred Parks and Donn C. Fullenweider, Houston, for appellees.

COLEMAN, Justice.

This is a suit for damages against an insurance agent based on a misrepresentation of the coverage of a Hospital and Medical Expense Insurance Policy made by the agent after the policy had been sold and delivered.

After the expense incident to surgery was incurred, the insurance company denied liability since the policy did not cover expenses caused by illness originating within thirty days of the date of the policy.

The case was tried to a jury and judgment was entered on the verdict in favor of the plaintiff against the agent, but not the insurance company.

Mrs. Eula Webber purchased from Garnor-Evans & Company a policy of insurance commonly referred to as a hospitalization policy. Her application for insurance was made on February 10, 1956. The policy was issued by the Boston Insurance Company on March 16, 1956 and was delivered to her. On April 4, 1956 Mrs. Webber called Mr. Arthur Evans, the agent who had sold the policy to her, and asked him whether her insurance policy would cover the expense of an operation if she had it immediately. After checking a specimen policy and recalling that the application

for the policy was taken in February, Mr. Evans assured her that the expense would be covered by the policy. The operation was performed on April 10, 1956, and the insurance company subsequently denied liability. Medical and hospital bills were incurred by Mrs. Webber in a sum in excess of $998.27. The jury found that the representation made by Mr. Evans was material and caused Mrs. Webber to act in a manner different from the action she would have taken otherwise, resulting in damage to Mrs. Webber in the sum of $998.27.

The insurance policy purchased by Mrs. Webber provides:

"* * * This insurance is against loss resulting from accidental bodily injury sustained while this policy is in force, * * * and from sickness which is contracted and begins after this policy has been maintained in force for not less than thirty days, and causes loss commencing while this policy is in force. * * *"

There is evidence that appellant told Mrs. Webber that the expense of the operation would be paid by the policy of insurance. This statement was false, both because the policy was not effective at the time the operation was performed and because the sickness was not covered by the policy since it was "contracted" and began before the effective date of the policy. The expense would not have been payable under the terms of the policy had the operation been delayed until the policy had been "maintained in force" more than thirty days. Appellant contends that no damage was proven.

Special Issue No. 7 reads: "What amount of money, if any, do you find from a preponderance of the evidence to be the damages, if any you have found, incurred by Mrs. Webber as a result of the representation by Mr. Evans?" No complaint is made as to the form of the Issue, but appellant complains that the evidence is insufficient to support the answer made by the jury. No evidence was produced before the jury on the Issue of damages except the cost of the operation, post operative treatment, and necessary hospitalization expenses.

This is not a suit for the damage incurred by reason of the purchase of a policy of insurance in reliance on false representations. The gist of appellee's cause of action is that she was induced to have an operation performed on her by reason of a false representation that the cost of the operation would be paid by the insurance company. The testimony establishes that the operation was beneficial to her and that she probably would have had the operation performed had the false representation not been made. There is evidence, however, that the false representation caused her to have the operation sooner than she might otherwise have undergone it.

"If the statement is viewed as a general rule, it may be said that in an action for damages arising out of false representations, the recovery is limited to the actual loss sustained as a result of the representations, and not the profit that might have been made had the representations been true. That is to say, a recovery may ordinarily be had only for the damage sustained as a direct and proximate result of the fraud." (26 Tex.Jur.2d, Fraud and Deceit, § 131, p. 108.)

See also Booth v. Coward, Tex.Com.App., 265 S.W. 1026; Prosser, Law of Torts, 2d ed., pp. 568–571.

Here appellee would not have been entitled, as damages, to the sum which would have been paid by the insurance company had the representation been true; rather she is entitled to recover any loss actually sustained by reason of the action she took because of the information given her by appellant. From a careful review of the evidence, we conclude that the only result of the misrepresentation of the coverage of the insurance policy was immediate surgery on appellee rather than surgery at a future date. The evidence is insuffi-

cient to establish the *fact* of legal damage, as distinguished from the *amount* of damage. In the absence of evidence from which the jury could conclude that appellee was damaged by the conduct of appellant, the trial court erred in submitting the issue on damages and in rendering a judgment based on the answer made to such issue. 17 Tex. Jur.2d, Damages, pp. 92–93; Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572.

In view of our disposition of this question, we find it unnecessary to consider other assignments of error presented by appellant.

The judgment of the Trial Court is reversed and judgment is rendered that appellee take nothing by her suit.